PHŒNIX INSURANCE CO., PLAINTIFF IN ERROR, v. JOHN BARND, DEFENDANT IN ERROR.

1. **Pleading.** New matter to be available as a defense must be pleaded.

2. **Insurance.** No merely technical objection, not materially affecting the risk, is available as a defense in an action on a policy of insurance to recover for the loss of the property insured.

ERROR to the district court for Buffalo county. Tried below before GASLIN, J.

*W. H. Savidge,* for plaintiff in error.

*John Barnd, pro se.*

MAXWELL, J.

This action was brought by the defendant against the plaintiff in error to recover the sum of $200 for the loss of a frame dwelling house owned by him, which was insured for that sum by the plaintiff. The answer denies the facts stated in the petition. On the trial of the cause, a verdict was returned in favor of the defendant herein for $200, and judgment rendered thereon.

The errors assigned in this court are: 1st. That the damages are excessive. 2d. Error in the assessment. 3d. That the verdict is not sustained by the evidence. 4th. That the verdict is contrary to law.

On the argument of the cause considerable stress was laid upon the fact that the application for insurance "shows but one iron chimney in the house on the 1st day of April, 1880, the date of the insurance, and that was in the part used as a kitchen," and that it was agreed that "the insured would build a brick chimney in the main building within six months from that time." To be available as a defense, facts of the kind stated must be pleaded. As the answer is a denial, the only matter put in issue is the truth of the petition.

Testimony was received without objection, however, showing that the defendant had erected the brick chimney above mentioned within the time limited as agreed upon, and had substantially complied with the terms of the agreement. There would have been no force in this objection, therefore, had it been pleaded.

The remaining objections may be considered together. In our opinion, the evidence fully sustains the verdict—that in fact the verdict is responsive to the evidence. A contract of insurance must receive a reasonable construction. The insurer receives the premium as the consideration to pay for loss of property by fire to a certain amount should such loss occur. Such a contract is to be sustained

if possible to do so. The insurer retains the consideration for the contract, and should be required to perform on its part, and no merely technical objection not materially affecting the risk is available as a defense. The testimony fails to show any defense to the action, and the judgment is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur