GERMAN-AMERICAN INSURANCE COMPANY, PLAINTIFF IN ERROR, v. SARAH ETHERTON, DEFENDANT IN ERROR.

1. Insurance: LOSS: PETITION. In an action upon an insurance policy for loss sustained by fire, where it is stipulated in the policy that, upon the written request of either party, the loss shall be appraised and determined by disinterested and competent persons, one to be selected by the insurance company and one by the insured, and in case of their failure to agree, by some third party called by the appraisers, the award of any two of the three, as to the damage, to be conclusive as to the amount of loss, *It was Held*, That it was not necessary that the petition should allege that an arbitration had been had or an award made in order to the maintenance of the action.

2. ———: ———: DEFENSE. In such case an action can be maintained without reference to the agreement to arbitrate, unless such arbitration has been actually had, and that would constitute matter to be pleaded by way of defense.

3. ———: VOID PROVISIONS IN POLICY. A provision in a policy that no suit or action against the insurer "shall be sustained in any court of law or chancery until after an award shall have been obtained" by arbitration, "fixing the amount" due after loss, is void, the effect of such provision being to oust the courts of their legitimate jurisdiction.

German-American Ins. Co. v. Etherton.

4. ———: PROOF OF LOSS: WAIVER. Where an apparently honest effort has been made by the insured to comply with the terms of the policy, in giving the notice and proof of loss, the refusal of the insurer to pay any sum whatever, or to recognize the policy as binding, will be treated as a waiver of any merely technical objection to the proof furnished.

5. ———: LOSS: TECHNICAL OBJECTIONS. No such technical objection, not materially affecting the risk or the rights of the parties, will be available as a defense in an action on a policy of insurance to recover the loss on the property destroyed.

ERROR to the district court for Webster county. Tried below before GASLIN, J.

*J. S. Gilham,* for plaintiff in error, cited: *Carrol v. Girard Fire Ins. Co.,* 13 Pac. Rep., 863. *Carberry v. German Ins. Co.,* 8 N. W. Rep., 406. *Home Ins. Co. v. Duke,* 43 Ind., 418. *Protection Ins. Co. v. Pherson,* 5 Ind., 417.

*Case & McNeny,* for defendant in error, cited: *Gere v. Council Bluffs Ins. Co.,* 67 Iowa, 272. *Redman v. Ætna Ins. Co.,* 4 N. W. Rep., 591. *Phœnix Ins. Co. v. Badger,* 53 Wis., 283. Wood on Fire Ins., Sec. 430, 747. Code, Sec. 128. *Lane v. Maine Mutual Fire Ins. Co.,* 28 Am. Dec., 150. *Roper v. Clay,* 18 Mo., 383. *Killips v. Putnam Ins. Co.,* 28 Wis., 472. *Phillips v. Protection Ins. Co.,* 14 Mo., 220. *Keeney v. Putnam Ins. Co.,* 71 N. Y., 403. *McBride v. Rep. Fire Ins. Co.,* 30 Wis., 562. *Harriman v. Queen Ins. Co.,* 49 Wis., 71. *Ætna Fire Ins. Co. v. Tyler,* 16 Wend., 402. *Rogers v. Traders Ins. Co.,* 6 Paige Ch., 583. *Blake v. Ex. Ins. Co.,* 12 Gray, 265. *Carson v. Jersey City Ins. Co.,* 14 Vroom, 300. Wood on Fire Ins., Sec. 492.

REESE, CH. J.

This action was instituted for the purpose of recovering the insurance upon a building and contents destroyed by

German-American Ins. Co. v. Etherton.

fire. The insurance policy was issued December 21, 1886.. The building was destroyed on the 17th day of January, 1887.

The cause was tried to a jury, which returned a verdict in favor of defendant in error. A motion for a new trial was filed, and overruled, and judgment entered upon the verdict. The cause is brought into this court by proceedings in error, by the insurance company as plaintiff in error.

When the jury was impaneled, and the introduction of testimony was about to be entered upon, plaintiff in error objected to the introduction of any evidence, for the reason that the petition did not state facts sufficient to constitute a cause of action. This objection was overruled, to which plaintiff in error excepted, and now assigns the same for error.

The objection is based upon the following clause of the policy: "It is expressly stipulated by the parties hereto that no suit or action against this company shall be sustained in any court of law or chancery until after an award shall have been obtained fixing the amount of such claims, in the manner above provided."

The manner provided and referred to by this clause is, that "Loss or damage to property partially or totally destroyed, unless the amount of said loss or damage is agreed upon between the insured and this company, shall, at the written request of either party, be appraised and determined by disinterested and competent persons," etc.

There is no allegation in the petition that the action is founded upon an award of arbitrators. In fact it appears by the record that no such award was ever made. While it is competent for parties between whom a dispute has arisen, or may arise, to agree upon a settlement of such dispute by arbitration, and while it is true that where such an arbitration is had that a cause of action should be based upon the award or result of such arbitration, yet such a

provision can have no effect upon the right of an assured to maintain an action upon a loss, where no such arbitration is demanded by the defendant. As to the first of the above quoted clauses we apprehend that there is practically no dispute, but that the whole provision is void. Where a policy provides that the whole matter in controversy between the parties, including the right to recover at all, shall be submitted to arbitration, the condition is void. The effect of such a provision is to oust the courts of their legitimate jurisdiction, which the parties cannot do. *Gray v. Wilson,* 4 Watts (Pa.), 39. *Ins. Co. v. Morse,* 20 Wall., U. S., 445. *Rowe v. Williams,* 97 Mass., 163. *Trott v. Ins. Co.,* 1 Cliff. (U. S. C. C.), 439. *Roper v. Lendon,* 102 Eng. Com. Law (1 El. and El.), 825.

The most that could be claimed by the second of the above quoted provisions would be, that, where the sole question between the parties to the policy was as to the amount of indebtedness, such question might be ascertained by a reference to arbitrators, upon the written request of either party, but even then, plaintiff in error could take nothing thereby, as it did not admit any liability upon the policy, but by its agent informed the attorney for defendant in error that nothing would be paid. The insurer can claim no benefit from such a provision when he denies all liability under the policy. *Goldstone v. Osborn,* 12 Eng. C. L. (2 C. & P., 550), 726. *Mentz v. Ins. Co.,* 21 Am. Rep., 83 (79 Penn. St., 478). *Robinson v. Ins. Co.,* 17 Me., 131. *Western Horse & Cattle Co. v. Putnam,* 20 Neb., 331.

It is contended that the petition contains no allegation that proofs of loss were furnished sixty days before the commencement of the action, as required by the policy, and that the petition for that reason fails to state a cause of action. The policy is set out at length in the petition, and it is alleged that the plaintiff in the action had duly kept, observed, and performed all the requirements and

conditions contained in the policy, by her to be kept, observed, and performed. And that immediately after the fire, on the 18th day of January, 1887, and again on the 9th day of February, of the same year, due and legal notice, together with proper proofs of loss, had been given to plaintiff in error. The action was instituted on the 28th day of July, 1887, more than sixty days after the proofs were alleged by the petition to have been furnished. The action, therefore, was not prematurely brought, so far as is disclosed by the petition. The averments were clearly sufficient under section 128 of the civil code, which provides that, "it shall be sufficient to state that the party duly performed all the conditions on his part."

The answer filed by plaintiff in error consisted of two specific denials.

1st. "That she performed all the conditions on her part necessary to be performed under the policy set out in plaintiff's petition."

And 2d, "That she performed any of the conditions required by said policy by her to be performed."

Under the familiar rule, that all the other allegations of the petition should be considered as admitted (section 134 of the civil code), the issues in the case were very much narrowed. The testimony shows that, after the fire referred to, defendant in error sought to comply with the requirements of the policy by giving notice of her loss. Immediately after the fire the agent of plaintiff in error telegraphed to the principal office, in Chicago, Illinois, giving notice of the fact, and two days thereafter wrote a letter giving the facts, so far as understood by him at the time. Plaintiff in error then notified its adjusting agent, at St. Joseph, Missouri, of the loss, and directed him to go to Red Cloud immediately and personally examine into the matter. This was on the 24th of January, and on the 2d day of February proof of the loss was forwarded, together with a certificate of the county judge of Webster

county, over his official seal, detailing the facts, we presume in accordance with the requirements of the policy. These proofs were received by the company, when it notified the attorneys for defendant in error of that fact, and stated that the proofs were not in full compliance with the terms of the policy. Among the objections made was one that the certificate referred to was not made by the proper person. The objection seems to have been that the certificate of Judge McKeaghan was not from a magistrate "nearest the place of the fire." The provisions of the policy upon that subject are to the effect that the insured " shall produce the certificate, under seal of a magistrate, notary public, or commissioner of deeds nearest the place of the fire, and not concerned in the loss or related to the insured, stating that he has examined the circumstances attending the loss," etc. It is shown that, upon this objection being made, a new certificate was produced by another magistrate, who was supposed to reside nearer the place of the fire than Judge McKeaghan. There appeared to be some dispute upon the trial as to whether Judge Mc-Keaghan or some other magistrate, having a seal, resided nearest the place of the fire. Upon that subject we need only say, that in our opinion it was not necessary that a careful and correct measurement of distances should be made for the purpose of ascertaining the nearest officer qualified to make the certificate. The fire occurred in the city of Red Cloud, in which the county judge resided, and there is no doubt but that an honest effort was made to comply with the policy in this respect; and as said in *Phœnix Insurance Company v. Barnd*, 16 Neb., 89, no merely technical objection, not materially affecting the risk, is available as a defense. It is quite apparent, from an examination of the correspondence between the agent of plaintiff in error and the attorneys for defendant in error, that there was no purpose on the part of plaintiff in error to pay the loss as provided by the policy. This is further

shown by the testimony of Mr. Case, one of the attorneys for defendant in error, who testified that he was informed by the adjusting agent who came to Red Cloud by direction of the manager of the insurance company to examine into the alleged loss, that the company would pay nothing. Plaintiff in error at all times denied its liability to pay anything. Its objections to the proof of loss as furnished were technical, and apparently not prompted by a desire to know the real facts.

We find no error ·in the record; the judgment of the district court is therefore affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.