JOHN CUPPLES AND M. W. REX v. THE ALAMO IRRI-
GATION AND MANUFACTURING COMPANY.

**No. 166.**

PLEADING— *Arbitration— Condition Precedent.* Where the peti-
tion in an action upon a written contract for damages by breach
thereof, alleged "that the plaintiffs have duly fulfilled all of the
conditions of said contract on their part, and the defendant has
violated the terms and conditions of such contract"; and where
the contract contained a clause providing for the arbitration of
differences which might arise thereunder: *Held*, That the petition
was sufficient as against a general demurrer, notwithstanding it
was silent as to the matter of arbitration.

Error from Hamilton district court; A. J. ABBOTT,
judge. Opinion filed January 18, 1898. Reversed.

*George Getty*, for plaintiffs in error.

*Houk & Whitelaw*, for defendant in error.

The opinion of the court was delivered by

MILTON, J.: On October 1, 1891, the plaintiffs filed
their petition in the district court of Hamilton county,
against the defendant asking damages in the sum of
$441 and interest, alleging in substance that the de-
fendant had failed to furnish them water from its
canal, as it had agreed to do in its contract with plain-
tiffs, dated May 2, 1891, and for destruction of plain-
tiffs' head-gates through which they received their
supply of water from such canal. On the 21st day of
June, 1892, the court sustained the demurrer of the
defendant on the ground that the petition failed to
state facts sufficient to constitute a cause of action.
Thereupon the plaintiffs, having obtained leave of the
court, filed their amended petition, and on the same
day the defendant renewed its demurrer to said
amended petition, and thereupon the court sustained
such demurrer upon the ground that the amended pe-
tition failed to state facts sufficient to constitute a

cause of action, to which ruling the plaintiffs excepted, and elected to stand upon their demurrer.

The petition contained allegations as follows :

"The plaintiffs aver that they have duly fulfilled all of the conditions of the said contract on their part. "That the said defendant has violated the terms and conditions of such contract."

In the contract, which was made a part of the petition, appears the following provision :

"In case of any disagreement as to the proper interpretation of this agreement and contract, the parties hereto agree to, and bind themselves to arbitrate every such question or questions of fact which shall or may arise between them, referring to two disinterested persons all such matters, who, if failing to agree, shall select a third referee, and the decision of any two of whom shall be final as between said irrigating company and said party of the second part."

Defendant in error has filed no brief. It appears that the demurrer was sustained for the reason that the petition failed to allege an attempt to arbitrate the claim. The court considered arbitration as a condition precedent to the action. If the strict letter of the provision quoted were followed no action could be maintained upon the contract, and by agreement of the parties the courts would be ousted of their jurisdiction. Thus viewed, the provision is void. (*German American Ins. Co. v. Etherton*, 25 Neb. 505 ; *Insurance Co. v. Morse*, 20 Wall. 445 ; *Rowe v. Williams*, 97 Mass. 163 ; *Gasser v. Sun Fire Office*, 42 Minn. 315.) In the latter case the court said :

"An agreement that a right of action should not be enforced through the ordinary tribunals cannot be sustained ; and therefore a general covenant in a policy that claims for damages should be settled by arbitration would not be a bar to a suit for damages. That would be to oust the courts of their jurisdiction."

, But if the clause in question be regarded as valid, should the petition have alleged that an arbitration had been procured or attempted at the instance of plaintiffs? We think that such allegation was not essential. Section 122 of the civil code provides :

"In pleading the performance of conditions precedent in a contract, it shall be sufficient to state that the party duly performed all the conditions on his part; and if such allegations be controverted, the party pleading must establish on the trial the fact showing such performance."

In *German American Ins. Co. v. Etherton,* supra, the insurance policy provided that no action against the company should be sustained in any court until after an award should have been obtained fixing the amount of the loss or damage claimed, and provided the method of appraisement of the value of the property damaged or destroyed. The court said :

"There is no allegation in the petition that the action is founded upon an award of arbitrators. In fact, it appears by the record that no such award was ever made. While it is competent for parties between whom a suit has arisen, or may arise, to agree upon a settlement of such dispute by arbitration, and while it is true that where such arbitration is had a cause of action should be based upon such award or result of the arbitration, yet such provision can have no effect upon the right of an assured to maintain an action upon a loss, where no such arbitration is demanded by the defendant."

While in that case a written demand is provided for, and none is here mentioned, we think the reasoning therein is applicable here. See also 4 Encyc. of Plead. and Prac. 634, notes. The court erred in sustaining the demurrer to the petition.

The judgment is reversed, and the cause remanded with instructions to overrule the demurrer.