J. T. WILLIAMS & BRO. v. BRANNING MANUFACTURING COMPANY.

(Filed 22 February, 1911.)

**Arbitration and Award—Courts—Jurisdiction—Ouster—Effect—Estoppel.**

When the effect of an agreement to arbitrate controversies which may arise in the course of executing a contract is to oust the jurisdiction of the courts in such matters, it cannot be enforced against one of the parties as a condition precedent to his bringing his action; though as to other matters embraced therein which have arisen and have been referred to arbitration, and as to which an award has been rendered, the effect of the award is to conclude the parties. In this case amendment to pleadings is suggested so as to conform the issues to matters left in dispute.

APPEAL by plaintiff from *Ward, J.,* at Spring Term, 1910, of HERTFORD.

The facts are sufficiently stated in the opinion of *Mr. Justice Walker.*

*Winborne & Winborne and John E. Vann for plaintiff.*

*Pruden & Pruden, W. M. Bond, and S. Brown Shepherd for defendant.*

WALKER, J. This case was before the Court at the last term, and is reported in 153 N. C., at page 7. We then held that the award of the arbitrators barred the plaintiff's recovery in this action as to all dealings and transactions which occurred prior to 20 February, 1906, that being the date of the submission to arbitration, and we reversed the judgment of the court below only to that extent. This decision was in perfect accord with the agreement of the parties, which, in express terms, restricted the arbitration to transactions which had occurred prior to that date, and in the answer of the defendant the arbitration and award are pleaded only in bar of a recovery for the damages which accrued before that date. In the Superior Court judgment was entered upon the certificate of this Court, not according to the opinion, which, we think, clearly defined the extent of the reversal of the former judgment, but to the effect that the agreement to arbitrate, pleaded by the defendant, is a bar to the plaintiff's entire cause of action, and it was directed that the defendant go without day and recover its costs. This judgment was beyond the scope of our decision. We did not consider the legal effect of the agreement to arbitrate, but held that, so far as the parties had actually arbitrated their differences, and with respect to the matters embraced by the award, which was rendered before notice by the plaintiff of his election to revoke the arbitration, the award was a bar. The judgment of the court, therefore, was erroneous, unless it can be sustained upon the ground that the agreement to arbitrate all disputes between the parties, which should arise in the execution of the contract, is a bar to the further prosecution of this action to recover damages based upon transactions since 20 February, 1906, which the defendant now insists deprives the plaintiff of the right to sue upon the contract, and confines him to the remedy by arbitration. Section 9 of the contract containing this agreement is fully set out in 153 N. C., at page 7.

It has generally been held that an agreement to arbitrate controversies which may arise in the course of executing a contract is void, as its effect is to oust the jurisdiction of the courts. It was held in *Kinney v. B. and O. E. Assn.* (W. Va.), 15 L. R. A., 142, and note, that a provision in a contract that all differences

arising under it shall be submitted to arbitrators, thereafter to be chosen, will not prevent a party from maintaining a suit, in the first instance, in a court to enforce his rights under it. The Court, in *Ins. Co. v. Morse*, 87 U. S. (20 Wall.), 445, relying upon the authority of Judge Story (Equity Jurisprudence, sec. 670), and *Stephenson v. Ins. Co.*, 54 Me., 70, thus stated the rule: "Where the stipulation, though not against the policy of the law, yet is an effort to divest the ordinary jurisdiction of the common tribunals of justice, such as an agreement in case of dispute to refer the same to arbitration, a court of equity will not any more than a court of law interfere to enforce the agreement, but it will leave the parties to their own good pleasure in regard to such agreements. The regular administration of justice might be greatly impeded or interfered with by such stipulations if they were specifically enforced. 'While parties may impose as a condition precedent to applications to the courts that they shall first have settled the amount to be recovered by an agreed mode, they cannot entirely close the access to the courts of law. The law and not the contract prescribes the remedy, and parties have no more right to enter into stipulations against a resort to the courts for their remedy in a given case, than they have to provide a remedy prohibited by law; such stipulations are repugnant to the rest of the contract, and assume to divest courts of their established jurisdiction; as conditions precedent to an appeal to the courts, they are void.' Many cases can be cited in support of the rule thus laid down. Upon its own merits, this agreement cannot be sustained." The language of other courts is equally explicit: "Where a policy provides that the whole matter in controversy between the parties, including the right to recover at all, shall be submitted to arbitration, the condition is void. The effect of such a provision is to oust the courts of their legitimate jurisdiction, which the parties cannot do." *Ins. Co. v. Etherton*, 25 Neb., 505. "There is no authority for holding that parties who have agreed to arbitrate have, by their agreement, precluded themselves from resorting to a court of justice. Such agreements will not be specifically enforced, nor will the arbitrators be compelled to act. And it is well settled that they

cannot be pleaded in bar." *McGunn v. Hamlin,* 29 Mich., 476. "The agreement to submit to arbitrators, not consummated by an award, is universally held to be no bar to a suit at law or equity; nor can it be the foundation of a decree for specific execution. In its very nature it must rest on the good faith and consent of the parties concerned. Parties litigant cannot by such arrangements oust the jurisdiction of the courts or deprive themselves of the right to resort to the legal tribunals for the settlement of their controversies. After the arbitrators have acted and rendered an award, the case is very different. Their decision is binding upon the parties, and can be successfully impeached only upon the grounds which would invalidate any other judgment. This distinction between a mere agreement to submit and a submission consummated by an award is universally recognized by the authorities. Morse on Arbitration, 79, 90. One of the leading cases on the subject is that of *Tobey v. Bristol,* 3 Story, 822, where the whole subject is exhaustively considered and many decisions cited by *Mr. Justice Story.* The only remedy for the party aggrieved is by an action for damages growing out of the breach of the submission." See, also, *Hill v. More,* 40 Me., 515; *Leach v. Ins. Co.,* 58 N. H., 245; *Nurney v. Ins. Co.,* 63 Mich., 633; *Haggart v. Morgan,* 5 N. Y., 422 (55 Am. Dec., 350, and note); *The Excelsior,* 123 U. S., 40; *Smith v. Alker,* 102 N. Y., 87. Numerous other cases are to the same effect, some of which are collected in the notes to 15 L. R. A., 142, and 55 Am. Dec., 350, cited above.

This Court, by *Justice Manning,* in *Kelly v. Trimont Lodge,* at last term, *ante,* 97, adopted the principle as stated in *Stephenson v. Ins. Co., supra,* in the following words: "The law, and not the contract, prescribes the remedy, and parties have no more right to enter into stipulations against a resort to the courts for their remedy in a given case than they have to provide a remedy prohibited by law." The learned justice then proceeds to state the result of the decisions in this Court upon the subject: "Our Court has uniformly held to the doctrine that when a cause of action has arisen the courts cannot be ousted of their jurisdiction by agreements, previously entered into, to submit the liabilities and rights of the parties to the de-

termination of other tribunals named in the agreement; but it has been, also, generally held that the agreement to submit the particular question of the amount of loss or damage of the assured under an insurance policy is not against public policy, and is sustained. That is simply a method for the ascertainment of a single fact, and not the determination of the legal liability of the insurer," citing *Braddy v. Ins. Co.*, 115 N. C., 354, and *Mfg. Co. v. Assur. Co.*, 106 N. C., 28. In *Braddy's case, supra, Justice Avery* said: "While it is well settled that an agreement in a policy of insurance to submit to arbitrators the single question of the amount of loss by fire sustained by the person insured is not invalid (*Mfg. Co. v. Assur. Co.*, 106 N. C., 28; *Carroll v. Ins. Co.*, 72 Cal., 297), it is equally well understood that a contract which would oust the jurisdiction of the courts by leaving all of the matters involved in any controversy that might arise between insurer and insured to such arbitrament is void, as against public policy. Angell on Insurance, 431; *Scott v. Avery*, 20 E. L. and E., 327; *s. c.*, 8 Exch., 487; *Sancilito v. C. U. A. Co.*, 66 Cal., 256; 2 Biddell Ins., sec. 1154." *Kelly v. Trimont Lodge, supra,* was a case for the recovery of money due for sick benefits. We held that the stipulation in the contract for arbitration of differences should be restricted to those of a legislative or administrative character, and was, therefore, valid; but that, as the question involved in the case related to the plaintiff's property rights, it could have no application, and the plaintiff could resort to the courts for the enforcement of those rights, notwithstanding the arbitration clause in the contract.

The principle which we have stated as having received the sanction of the courts of England and this country is recognized as sound and well settled in other decisions of this Court. *Carpenter v. Tucker,* 98 N. C., 316; *Tyson v. Robinson,* 25 N. C., 333; *Swaim v. Swaim,* 14 N. C., 24.

There is no stipulation in this contract that no suit shall be brought until the amount of loss or damage is ascertained by arbitration, as in *Mfg. Co. v. Assur. Co., supra,* but a sweeping provision that both the liability and the loss shall be decided

and settled by arbitrators, and by clear implication it excludes the right of resort to the courts. *Ins. Co. v. Alvord,* 61 Fed. Rep., 752. Stipulations expressed in language not unlike that which the parties used in the arbitration clause of this contract have, as we have seen, been held to be void and not available as a bar to an action on the contract.

It may be observed that the defendant has not attempted to arbitrate the differences which have arisen. In *Smith v. Alker, supra,* it was said that this fact deprives him of the right to rely upon the agreement for arbitration. "No evidence," says the Court, "was given that the defendant took any steps for the selection of arbitrators. It was not more the duty of the plaintiff than that of the defendant to do so. We need not inquire, therefore, how far, if at all, such defense would have availed," if such steps had been taken. His plea, based upon the clause as to arbitration, was, accordingly, overruled.

Our conclusion is that the judgment of the court below was not authorized by the opinion and certificate of this Court, which covered only the items of the plaintiff's bill of particulars, dated prior to 20 February, 1906. As to items of subsequent date, the judgment was erroneous. In that respect, it is not in accordance with our former decision and cannot be upheld as justified by the defendant's plea, based upon the arbitration clause of the contract, which we hold to be void.

We would suggest that the plaintiff be permitted to file an amended complaint, eliminating the items of his account already passed upon, and confining the pleadings and issues to the matters which are now in dispute. This will prevent confusion in the further consideration of the case. The judgment is set aside, and the court will proceed further in the cause, in accordance with this opinion.

Error.