## T. H. ROGERS LUMBER CO. v. McCONNELL.

### No. 841.   Opinion Filed May 9, 1911.

**EQUITY—Indian Territory Procedure—Judgment—Sufficiency of Master's Report.** Under the statute in force in the Indian Territory at the time the case was tried, section 5270, Mansfield's Digest of the Laws of Arkansas, which provides: "The master shall report on all cases referred to him as speedily as possible, reciting in his report the order of the court referring the cause to him, ° ° ° and all other proceedings had therein, and return the same, together with the testimony, to the court," it was error for the court to render judgment on the report of a master in chancery without having the testimony taken at the hearing before it when there were exceptions to the report which would require an examination of the evidence to pass on intelligently.

(Syllabus by the Court.)

*Error from District Court, Seminole County; A. T. West, Judge.*

Action between Orlando McConnell and T. H. Rogers Lumber Company. From the judgment, the latter brings error. Reversed and remanded.

*Willmont & Wilhoit,* for plaintiff in error.
*Crump, Rogers & Harris,* for defendant in error.

KANE, J. The only assignment of error subject to review in this court is the one complaining of the action of the court below in entering judgment on the report of a master in chancery without having the evidence taken at the trial before it. The plaintiff in error, the losing party below, filed exceptions to the

report which would require an examination of the evidence to pass upon intelligently. The master did not return the testimony taken with his report, but appended to the same the following reason for not doing so: "Master's fee, $25.00, has been paid by defendant O. F. McConnell. The plaintiff having neglected and refused to have the testimony transcribed, which was taken by the stenographer at the hearing, the same is not made a part of this report." The statute in force in the Indian Territory at the time the case was tried, section 5270, Mansfield's Digest of the Laws of Arkansas, provides:

"The master shall report on all cases referred to him as speedily as possible, reciting in his report the order of the court referring the cause to him, * * * and all other proceedings had therein, and return the same, together with the testimony, to the court."

There seems to be very little room to doubt that under this statute it was the duty of the master to return the testimony taken to the court, and we do not believe that the excuse given by the master for not complying therewith will justify his failure to follow this plain statutory requirement. It is true, after the exceptions were filed, the court gave the plaintiff in error until the first day of the next term to procure and file a copy of the testimony taken and did not overrule the exceptions until the expiration of that time, but we do not find that this duty has been cast upon the plaintiff in error by the law in force at that time, and we do not deem his failure to take advantage of the leave granted him by the court a sufficient ground for entering judgment against him without examining the evidence upon which it is based. The judgment of the court below is reversed, and the cause remanded, with directions to proceed in conformity with the views herein expressed.

All the Justices concur.