## JOHN JUSTICE v. THE BOONE FORK LUMBER COMPANY.

(Filed 18 May, 1921.)

**1. Appeal and Error—Service of Case—Affidavit—Counter Affidavit—Certiorari.**

An affidavit of counsel that time had been agreed upon for preparing and serving his case on appeal will be considered in the Supreme Court on appellee's motion to dismiss, where uncontradicted by counter affidavit, and the motion will be disallowed, and a *certiorari* will issue, where appellant shows merits.

**2. Same—Settlement of Case.**

Where the trial judge has not sufficiently passed upon the appellant's exceptions to the report of a referee and has unsuccessfully endeavored to draw a judgment satisfactory to the parties, which was to be first submitted to them before filing, and has inadvertently failed to notify the appellant of its filing, who was not satisfied therewith and desired to appeal, his exceptions presenting serious legal questions for final adjudication, the Court will remand the case to afford the appellant opportunity to be heard upon his exceptions by the trial judge, and to have him settle the case on appeal, in the course and practice of the court, upon the refusal in the Supreme Court of the appellee's motion to dismiss.

**3. Appeal and Error—Reference—Superior Court—Affirmance of Report—Evidence.**

The Supreme Court will not, on appeal, pass upon the affirmance by the trial judge of facts found by the referee, upon supporting evidence.

**4. Appeal and Error—Docketing of Case—Superior Courts—Order Extending Time for Docketing.**

While the trial judge may not extend the time of appellant to file his case on appeal, except by consent, this consent is presumed when the order for an extension is filed, or is of record.

APPEAL by defendant from *Harding, J.,* at the October Term, 1920, of AVERY.

This action was brought to recover a balance due on a logging contract. It was referred to a referee, by consent, to take and state the account between the parties. He filed his report, and defendant excepted thereto. The court considered the exceptions and sent the case again to the referee with the exceptions, and directed him to reconsider it, and this was repeated a third time, the referee refusing to change his report. The case came on for hearing before the judge, and he agreed with counsel for defendant to prepare and submit to them a judgment which should be only tentative, and not bind them, unless they agreed to it, and if they did not, he would notify the parties and have the case argued before him. Defendants were to be notified of the judgment when filed. This, through inadvertence, was not done. De-

fendants appealed and were granted 60 days from 1 August, 1920, to file their case on appeal, and plaintiff a like number of days to file a countercase or exceptions. Defendant did not file their case within the 60 days allowed to it, but filed it on 16 October, 1920, the time originally allowed to it having expired on 12 October, 1920. Plaintiff moved in this Court to dismiss the appeal for this reason. The defendant replied to the motion by the affidavit of the attorney, who represented it, that the reason its case on appeal was not filed within the 60 days, originally granted to it, was that one of the attorneys for the plaintiff had agreed with its attorney that defendant might have an extension of time to file its case, which should not exceed four more days, and the appellant's case was filed within the time of the extension, and it so appears in the record to have been filed. Plaintiff did not reply by affidavit to the affidavit of defendant's attorney, who acted for it in the matter, but relied simply upon the written motion to dismiss, stating the grounds upon which he relied for dismissing the appeal, but not verified by his oath.

*Harrison Baird, F. A. Linney,* and *Charles Hughes* for plaintiff.
*W. R. Lovill* and *W. C. Newland* for defendant.

WALKER, J., after stating the material facts of the case: First. As to the motion to dismiss the appeal. We have decided in several cases, and very recently in *Brown v. Taylor,* 173 N. C., 700 (citing *Sondley v. Asheville,* 112 N. C., 694), that we will not hear counsel, on matters of controversy between them, as to an extension of time for preparing and serving a case on appeal, but this rule does not apply, where the appellant alleges in an affidavit, or duly verified statement, that there was an agreement for an extension of the time, and this affidavit is not disputed by the oath of the appellee, who, therefore, has waived any irregularity or defect in the order for an extension made by the judge, if there be such, by agreeing to further extension to 16 October. This case cannot be distinguished from *Brown v. Taylor, supra,* which will appear by the following short recital of its facts and the decision of the Court therein: "The plaintiff moved in this Court to strike out from the record the case on appeal on the ground that it was not served in time, and to affirm the judgment. The defendant moves for a *certiorari* in order that the case on appeal may be settled, and filed affidavits showing an agreement of one of the counsel for the plaintiff extending the time for service of case on appeal. No affidavit of counsel with whom the agreement is alleged to have been made has been filed. The motion of the plaintiff is denied, and the motion for a *certiorari* is allowed, because while we will not pass on affidavits and determine whether an oral

agreement which is denied has been made, we do consider affidavits show-ing an agreement, which are uncontradicted." This motion is therefore denied.

Second. As to the other question. It appears that there was much irregularity in the proceedings of the Superior Court, and we may do injustice to one or the other of the parties and may not reach the merits of this case unless we disregard what has been dóne since the judge considered and passed upon the exceptions to the referee's report and filed the tentative judgment. There surely has been a misunderstanding between the court and the defendant, as far as appears, and it would not be just to hold the judgment conclusive under the circumstances. The appellant may well have been misled, and says he was, by the failure to give him the promised notice. The learned judge endeavored to rectify the mistake which resulted from his inadvertence, and the appellant should not be made to suffer on account of it, as the exceptions present questions worthy of serious consideration. If the allegations are true, there has been no fair opportunity to be heard fully on the exceptions to the report, which is appellant's right. Besides, the judge's affirmance of the report, as to the facts found by the referee, will not be reviewed here, as we have so often held, and this would prejudice the appellant, if it is to stand, and he cannot be heard fully upon such findings.

It is true that a judge cannot extend the time of an appellant for filing his case on appeal, except by consent, but consent is presumed if the order for an extension is filed, or is of record. *Woodworking Co. v. Southwick,* 119 N. C., 611; *Henry v. Hilliard,* 120 N. C., 479.

The Court will therefore set aside all the proceedings since the hearing upon the exceptions, and it is directed to hear and pass upon the defend-ant's exceptions, after notice to the parties, and to proceed thereafter according to law, and the course and practice of the court, and for this purpose we remand the case.

Remanded.

PER CURIAM. Under the circumstances of this case, we think the costs should be taxed against the defendant, and it is so ordered.