### In re PATTERSON–MacDONALD SHIPBUILDING CO.

(District Court, W. D. Washington, N. D.   September 18, 1922.)

No. 6361.

1. Contracts ⬦127(1)—Parties may stipulate as to method of settling disputes prior to invoking court's jurisdiction, but cannot close access to courts.

Parties to a contract may provide therein for a method of settling disputes, and may require a party to offer to have a matter settled by such method before invoking the jurisdiction of a court, but cannot because of public policy close access to the courts.

⬦For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

[1] March, 1922.

2. **Contracts ☞167—Laws of place on subject-matter of contract become part thereof.**

The laws of the place on the subject of the contract are read into and become a part of the contract to the same extent as though written into its terms.

3. **Bankruptcy ☞251—Proceeding before special master appointed to hear claim not plenary proceeding warranting arbitration under contract provisions.**

A proceeding before a special master appointed to liquidate a claim against a bankrupt estate is not a plenary proceeding, and hence a provision in the contract between the claimant and the bankrupt as to settlement of contract differences by arbitration, which would be governed by Rem. & Bal. Code Wash. §§ 420–430, would not support an arbitration in such proceeding.

4. **Bankruptcy ☞251—Special master's acceptance of award of arbitrators held proper.**

Where arbitrators were appointed in harmony with Bankruptcy Act, § 26 (Comp. St. § 9610), providing for arbitration of controversy arising in settlement of a bankrupt estate, although no formal order for arbitration was filed by the court, and the parties deemed themselves to be proceeding to arbitrate under provisions of the contract, the special master appointed to liquidate the claim under the contract against the bankrupt's estate could accept the award of the arbitrators without himself taking the evidence and determining the issues of fact, in the absence of a showing of fraud or arbitrary conduct on the part of the arbitrators; the award being final, except for fraud or apparent arbitrary conduct.

5. **Bankruptcy ☞251—Party who proceeded with arbitration thereby waived objection previously made, and could not rely on such objection when award proved unfavorable.**

Claimant, having proceeded with the arbitration of a dispute as to the amount due a bankrupt in accordance with stipulations of contract and provisions of Bankruptcy Act, § 26 (Comp. St. § 9610), providing for arbitration of controversy arising in the settlement of a bankrupt estate, waived objection theretofore made, and could not, after the award, take advantage of a previous objection, as a claimant cannot, by interposing objection and thereafter proceeding, speculate on the result of an award.

In Bankruptcy. In the matter of the Patterson-MacDonald Shipbuilding Company, bankrupt. Claim was presented by Mark Sheldon, as commissioner for the Commonwealth of Australia in the United States of America, to which the trustee filed objections. A special master was appointed to take evidence and make findings and conclusions on the claim, and to the report filed by the master both claimant and trustee except. Exceptions overruled in part, and sustained in part.

See, also, 284 Fed. 281.

Mark Sheldon, as commissioner for the commonwealth of Australia in the United States of America, presented a claim against the above estate to the referee in bankruptcy. The trustee filed his objections, and upon stipulation of the parties the court appointed C. R. Hawkins, a special master in chancery, to take evidence and make findings and conclusions upon this claim to the court. The bankrupt is a corporation organized for the purpose of shipbuilding, primarily for the Australian government, and on the 22d of June, 1917, executed a contract for the construction of ten steamers. Thereafter, on September 8; 1918, the contract was changed to provide oil burning deisel engines, instead of steam engines. On December 18, 1919, a new or amendatory contract was executed by the bankrupt and the commissioner for the Australian government, and delivered to the commissioner for the Australian government. This contract was formally approved by the Australian government on the 31st of March, 1919.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Section 6 of the June 22d contract provides as to how changes, alterations, additions, substitutions, etc., shall be made and paid, and then says: "In case the parties are unable to agree as to the effect of such alterations, omissions, additions, and substitutions, or the price thereof, the dispute shall be determined as provided by section 18 hereof."

Section 18: "Should any question arise between the contractor and the owner as to this contract or the steamer, or the right of either party, that cannot be adjusted by the parties under this contract, then the said question shall be settled and adjusted by arbitrators in Seattle, Wash. The contractor shall choose an arbitrator, and the owner shall choose an arbitrator, and the two thus chosen shall choose a third, and the decision of the majority of the board so constituted shall be final."

Sections 7 and 18 of the December 18, 1918–March 31, 1919, contracts are identical with the provisions of sections 6 and 18, respectively, of the June 22d contract.

At the beginning of taking testimony pursuant to the order appointing the special master, the trustee objected to the allowance of the claim until arbitration was had pursuant to the provisions of the written stipulations of the parties, and the master held, as to the extra labor and material in dispute, either party had a right to arbitration, to which the claimant entered a formal exception. Thereupon the parties proceeded in harmony with the contract provisions, the trustee and the claimant, Australian government, each appointing one arbitrator, and the two arbitrators selected the third arbitrator, and the arbitrators thereafter proceeded to receive and consider evidence and hear arguments from each side; the inquiry being limited to the extras that should be allowed to the bankrupt as an offset against the claim of the claimant. It also developed that prior to adjudication in bankruptcy a dispute had arisen between the claimant and the bankrupt as to the allowance of certain sums to the bankrupt for store and equipment, and that pursuant to stipulation between the claimant and the bankrupt the issue was referred to Frank Fowler, the person named in the agreement, to examine into the claims of the respective parties and arbitrate the difference between them, and that each should be bound by his conclusion. The proceedings before Fowler had not been concluded at the time of adjudication, and the trustee and the claimant thereupon took up the proceeding and presented their respective contentions to Mr. Fowler, and Mr. Fowler made his findings and conclusions.

The issues were made up before the special master by the amended petition for liquidation and the answer of the trustee and reply of the claimant. By reason of the provisions of the arbitration clauses above mentioned, and the submission of the contested issues to arbitrators selected by the respective parties pursuant to such provisions, the master heard no evidence touching the matters submitted to Capt. Fowler for arbitration, but accepted the award made; nor touching the matter submitted to the three arbitrators, but accepted and adopted as conclusive the award submitted, and filed the several awards with his report. Exceptions were filed to the master's report by the claimant, asserting that the award of the arbitrators is without warrant of law and that the master himself should have taken all evidence and determined all issues of fact, and he also excepted to various recitals in the report of the master, and that the award of the arbitrators is erroneous. The trustee excepted to portions of the report.

Bronson, Robinson & Jones, of Seattle, Wash., for trustee.
Shank, Belt & Fairbrook, of Seattle, Wash., for claimant.

NETERER, District Judge (after stating the facts as above). [1-3] The primary question is: Did the master have the right to receive the awards of the arbitrators? The contracting parties had a right, on entering into the contract, to provide a mode and method by which disputes arising in carrying forward the contract should be settled. However parties are not permitted on the ground of public policy to close access to the courts, but may, as a condition precedent to application to the courts, agree to a mode of settlement out of court,

and where such proceeding is provided then a party must offer, it has been held, to have the matter concluded in accordance with such stipulations before invoking the court's jurisdiction. It is fundamental that the laws of the place upon the subject of the contract are read into and become a part thereof to the same extent as though they were written into its terms. Armour Packing Co. v. U. S., 153 Fed. 1, 82 C. C. A. 135, 14 L. R. A. (N. S.) 400; McCracken v. Hayward, 2 How. 608, 11 L. Ed. 397; U. S. v. New Orleans (C. C.) 17 Fed. 483. Under the law of Washington, common-law arbitration does not exist in the state of Washington. Dickie Mfg. Co. v. Sound Const. & Eng. Co., 92 Wash. 316, 159 Pac. 129. Sections 420–430, Rem. & Bal. Code of Wash., provide for arbitration under agreement made in writing signed by both parties, and provide a procedure to final judgment in the superior court of the state, "as upon the verdict of a jury," and it is, therefore plain that the laws of Washington are vital to a final conclusion.

The arbitration tribunal under the statute of Washington had relation to the courts of the state (Dickie Mfg. Co. v. Sound C. & E. Co., supra), and the trustee in bankruptcy was powerless to submit to arbitration an issue in the state court, within the jurisdiction of this court, except as directed by this court. If the stipulations in the contract are treated as a submission to arbitration, and for that reason was a contract by the parties (District of Columbia v. Bailey, 171 U. S. 161, 18 Sup. Ct. 868, 43 L. Ed. 118), it is equally plain that the laws of Washington (sections 420–430, supra) became a part of it. This has relation to the courts of the state. The arbitration board, if it had a legal status, was an arm or agency of the state court, unless it can be sustained under section 26, Bankruptcy Act (Comp. St. § 9610), and General Order 33. The liquidation is in the Bankruptcy proceeding, and upon stipulation the court directed the manner of liquidation and appointed a special master. The appointment of the special master to liquidate the claim is not a plenary proceeding as contended for by the trustee. The jurisdiction of the bankruptcy court with relation to the issue is exclusive. U. S. Fidelity Co. v. Bray, 225 U. S. 205, at page 217; 32 Sup. Ct. 620, 56 L. Ed. 1055; Id., 170 Fed. 689, 96 C. C. A. 9. At the inception of this issue under the circumstances the matter could well have been presented to the court in a summary way for direction with relation to the matter contended for. In re A. & W. Nesbitt, Ltd. (C. C. A.) 282 Fed. 265, 48 Am. Bankr. Rep. 514. Can the arbitration be sustained under the provisions of the Bankruptcy Act, § 26?

"The trustee may, pursuant to the direction of the court, submit to arbitration any controversy arising in the settlement of the estate.

"B. Three arbitrators shall be chosen by mutual consent or one by the trustee, one by the other party to the controversy, and the third by the two so chosen, or if they fail to agree within five days after appointment the court shall appoint the third arbitrator.

"C. The written findings of the arbitrators, or a majority of them, as to the issues presented may be filed in court and shall have like force and effect as a verdict of a jury."

[4, 5] The arbitrators were appointed in harmony with the Bankruptcy Act, except for the formal direction of this court. The testi-

mony was presented by both sides, arguments were made, the award filed, all things were had and done with relation to the issue as fully and freely as though a formal order had been entered by this court. It is true the claimant entered a formal objection and repeatedly objected to the limited arbitration, and made strenuous objections before the court as to the justness of the award by the arbitrators. The parties proceeding under the provisions of the contract to arbitrate consumed much time, and entailed great expense. The arbitrators were marine men, well qualified to determine such an issue. None better could have been selected. The claimant, when it proceeded with the arbitration in harmony with the contract provisions and in harmony with section 26, supra, waived the objection theretofore made. The trustee could not have proceeded to an award without the claimant, and the claimant, having proceeded to an award, may not now take advantage of a previous objection. The authorities hold that the claimant should not be permitted to speculate on the result of an award and that having proceeded it is bound. 5 Corpus Juris, 56; Burchell v. Marsh, 58 U. S. (17 How.) 344, 15 L. Ed. 96; Martinsburg & P. R. R. Co. v. March, 114 U. S. 549, 5 Sup. Ct. 1035, 29 L. Ed. 255; Burrell v. U. S., 147 Fed. 44, 77 C. C. A. 308; Toledo S. S. Co. v. Zenith Trans. Co., 184 Fed. 391, 106 C. C. A. 501; Hewitt v. Lehigh & H. R. R. Co., 57 N. J. Eq. 511, 42 Atl. 325; Bingham v. Guthrie, 19 Pa. 418; Grant v. Nat. Bank of Auburn, 232 Fed. 201; Dickie Mfg. Co. v. Sound Const. & E. Co. supra; Williams & Branning Mfg. Co., 154 N. C. 205, 70 S. E. 290, 47 L. R. A. (N. S.) 337.

It appears in view of the stipulations in the contract and the selection of arbitrators by the respective parties that section 26, supra, and General Order 33 have been substantially complied with, and that the objection to the award is not well founded. The award is final, except for fraud or apparent arbitrary conduct (2 R. C. L. 386), and no fraud or arbitrary conduct is shown. The objection to the report with relation to the assessment of damages and findings with relation to the several parties appear to me to be right.