J. W. PICKLER AND J. W. LAMPLEY, COPARTNERS TRADING AND DOING BUSINESS UNDER THE FIRM NAME OF PICKLER-LAMPLEY CONSTRUCTION COMPANY v. PINECREST MANOR, INCORPORATED.

(Filed 9 May, 1928.)

**1. Appeal and Error—Review—Scope and Extent of Review—Findings of Fact by Referee and Trial Court Not Reviewable.**

The facts found upon supporting evidence and approved by the trial judge, and also the facts likewise found by him, are not reviewable in the Supreme Court.

**2. Arbitration and Award—Right to Arbitration—Waiver.**

> As to whether a clause in a building contract providing for an arbitration is enforceable as a condition upon which one of the parties may maintain an action on the contract, *Quere?* but this is a matter that the parties may waive.

APPEAL by defendant from *Oglesby, J.,* at December Term, 1927, of MOORE.

Civil action to recover $5,567.01, balance alleged to be due on account of the construction or erection of eight cottages desired by the defendant for use in connection with its sanatorium situate near the town of Southern Pines, N. C.

Upon denial of liability and counterclaim filed by the defendant for damages occasioned by delay, etc., the cause was referred, apparently by consent, to Hon. D. B. Teague, who found the facts and reported same, together with his conclusions of law, to the court, allowing the plaintiff a recovery, after deductions awarded on defendant's counterclaim, of $4,367.01.

Upon exceptions duly filed and heard at the December Term, 1927, Moore Superior Court, the same were overruled, and the referee's findings of fact and conclusions of law were adopted and approved, from which judgment the defendant appeals, assigning errors.

*U. L. Spence for plaintiff.*
*H. F. Seawell & Son for defendant.*

STACY, C. J. It is settled by all the authorities that the findings of fact, made by a referee and approved by the trial judge, are not subject to review on appeal, if they are supported by any competent evidence. *Dorsey v. Mining Co.,* 177 N. C., 60, 97 S. E., 746. Likewise, where the judge, upon hearing and considering exceptions to a referee's report, makes different or additional findings of fact, they afford no ground for exception on appeal, unless there is no sufficient evidence to support them, or error has been committed in receiving or rejecting testimony on which they are based, or some other question of law is raised with respect to said findings. *Kenney v. Hotel Co.,* 194 N. C., 44, 138 S. E., 349; *S. v. Jackson,* 183 N. C., 695, 110 S. E., 593.

Applying this rule, it would seem that the exceptions of appellant should be overruled and the judgment of the Superior Court affirmed.

The defendant's brief is devoted largely to a discussion of the question as to whether this suit can be maintained by the plaintiff because of an alleged disregard of the following stipulation in the contract between the parties:

"In case of a contention where amicable settlement cannot be reached, Mr. G. W. McKibbin shall be considered the arbiter, and in the event that his services cannot be obtained, some other architect shall take his place who meets with the approval of the contractor and the owners. In the case of a contention of this sort, the expenses incurred shall be paid by the parties who are found to be at fault."

It is the contention of the defendant that as the plaintiff made no effort to settle the matters in dispute by arbitration, as the contract provides, before bringing suit, the same should be dismissed on authority of what was said in *Webb v. Trustees,* 143 N. C., 299, 55 S. E., 719, and *Young v. Jeffreys,* 20 N. C., 357. In answer to this position, we deem it sufficient to say that the matter seems to have been waived, even if originally formidable, which may be doubted. *Williams v. Mfg. Co.,* 154 N. C., 205, 70 S. E., 290.

A careful perusal of the record leaves us with the impression that the case has been tried substantially in accord with the principles of law applicable, and that the judgment should be upheld.

Affirmed.