Proceeding to recover taxes paid under protest, and alleged to have been erroneously or illegally assessed.
The Norfolk and Western Railway Company, hereafter called the defendant, duly filed with the North Carolina Commissioner of Revenue income tax returns for the years 1927, 1928, and 1929. None of these returns showed any taxable income for the specified period. On 27 October, 1930, the Commissioner of Revenue made reassessments against the defendant, upon the basis of said returns, which resulted in tax levies, with interest thereon, for the respective years, as follows:
 Year Tax
1927 .................................. $25,737.70 Interest ........................ 3,989.34 ---------- Total ........................ $29,727.04
 1928 ................................. $25,097.32 Interest ...................... 2,384.25 ---------- Total ...................... $27,481.57
 1929 .................................. $28,225.22 Interest ........................ 987.88 ----------- Total .................... $29,213.10 *Page 399 
Under protest, duly filed, the defendant paid these assessments, aggregating $86,421.71, and proceeded, agreeably to the terms of the statute, to recover them back. Its protest having been overruled by the Commissioner, the defendant appealed from said ruling to the Superior Court of Wake County. Here the matter was referred, on motion of defendant, to Hon. J. Crawford Biggs, as referee, to find the facts and report the same, together with his conclusions of law, to the court.
The defendant contended that the pertinent parts of the Revenue Acts of 1927 and 1929, as interpreted and applied by the Commissioner, "operated unconstitutionally upon protestant." With this contention, the referee, upon the facts found by him, agreed, largely upon authority of Southern Ry.Co. v. Kentucky, 274 U.S. 76. On exceptions duly filed, the judge of the Superior Court disagreed with the defendant's contention, overruled the determinative findings and conclusions of the referee, upheld the constitutionality of the statutes, as had already been done in A. C. L. R.Co. v. Doughton, 262 U.S. 413, found supporting facts, and concluded that the defendant had failed to show want of due process, or lack of equal protection of the laws.
From judgment dismissing defendant's protest, it appeals, assigning errors.
After stating the case: It may be conceded, as appellant alleges, that, from a procedural standpoint, the record is not in very satisfactory shape. Much of it is beside the point. However, as we understand it, the issues involved are comparatively simple. The case easily falls upon one side or the other of the constitutional line.
The defendant is a railroad, or public service corporation, operating in part within and in part without this State. It has three branch lines of railroad in North Carolina, with termini at Winston-Salem, Durham, and Elkland. Each of the three branches connects directly with the defendant's main line in Virginia at Roanoke, Lynchburg and Abingdon respectively.
The statutory formula for ascertaining the net taxable income for such a corporation is set out in section 312 of the Revenue Act, 1927, and substantially repeated in the same numbered section of the 1929 act, as follows: "When their business is in part within and in part without the State, their net income within this State shall be ascertained by taking their gross `operating revenues' within this State, including in their gross *Page 400 
`operating revenues' within this State the equal mileage proportion within this State of their interstate business and deducting from their gross `operating revenues' the proportionate average of `operating expenses,' or `operating ratio,' for their whole business, as shown by the Interstate Commerce Commission standard classification of accounts. From the net operating income thus ascertained shall be deducted `uncollectible revenue' and taxes paid in this State for the income year, other than income taxes, and the balance shall be deemed to be their net income taxable under this act. That in determining the taxable income of a corporation engaged in the business of operating a railroad under this section, . . . when any railroad is located partly within and partly without this State, then said net operating income shall be increased or decreased to the extent of an equal mileage proportion within this State of any credit or debit balance received or paid, as the case may be, on account of car or locomotive hire."
The defendant filed its returns for the years in question under the Revenue and Machinery Acts applicable at the time. They showed no taxable or net income, and no tax was tendered with the returns. Upon examination and investigation, the Commissioner of Revenue found that the statutory method of determining deductions from gross operating revenues within the State had not been followed by the defendant in making out its returns. He thereupon applied the "yardstick" of the statute and revised the returns by deducting from "gross `operating revenues' within this State," as ascertained by him, "the proportionate average of `operating expenses,' or `operating ratio,' for their (its) whole business, as shown by the Interstate Commerce Commission standard classification of accounts," thus producing a net taxable income for each of the years in question.
It is stated in paragraph three of the judgment, to which no exception is taken, that no question is raised as to the Commissioner's method of computing the "gross operating revenues" of the defendant in this State. Only the method of computing the "gross operating expenses," or "operating ratio," as deductible items, is challenged. "Neither is any question raised as to the correctness of the taxes paid by the defendant, if the Commissioner be correct in his interpretation of the statute."
We may say, in passing, that the Commissioner of Revenue was under the necessity of following the statute, whatever the consequences. A. C. L. R.Co. v. Doughton, 262 U.S. 413. If this produced an arbitrary or unwarranted result, by placing an unreasonable burden upon the defendant, the fault was not his, but that of the law. The burden of showing this alleged unconstitutional result was on the defendant. It carried the burden to the satisfaction of the referee (Hans Rees Sons v. Maxwell,283 U.S. 123), but not to the satisfaction of the judge of *Page 401 
the Superior Court, who heard the matter on exceptions. Maxwell v.Kent-Coffey Mfg. Co., 204 N.C. 365, 168 S.E. 397, 291 U.S. 642. In this state of the record, according to our uniform practice, the finding of the judge of the Superior Court prevails over that of the referee. Picklerv. Pinecrest Manor, 195 N.C. 614, 143 S.E. 8; Kenney v. Hotel Co.,194 N.C. 44, 138 S.E. 349; State v. Jackson, 183 N.C. 695,110 S.E. 593; Justice v. Boone Fork Lumber Co., 181 N.C. 390, 107 S.E. 232.
It was said in Dumas v. Morrison, 175 N.C. 431, 95 S.E. 775, that the "findings of fact by a referee, though entitled to weight, are not conclusive, and if not justified by the evidence may be disregarded, or set aside by the court and a decree entered according to its own view of the evidence. It must be remembered that a judge of the Superior Court in reviewing a referee's report is not confined to the question whether there is any evidence to support his findings of fact, but he may also decide that while there is some such evidence, it does not preponderate in favor of the plaintiff, and thus find the facts contrary to those reported by the referee. The rule is otherwise in this Court, when a referee's report is under consideration. We do not review the judge's findings, if there is any evidence to support them, and do not pass upon the weight of the evidence." See, also, Wilson v. Allsbrook, 205 N.C. 597, 172 S.E. 217, andThompson v. Smith, 156 N.C. 345, 72 S.E. 379 (opinion in the latter case by Walker, J., pointing out the difference between the duties of the trial court and the appellate court in dealing with exceptions to reports of referees).
Nor would the defendant be entitled to succeed by simply assailing the method of computing deductible items in ascertaining net income. It must show the unreality of the resultant taxable income. Such was the holding inUnderwood Typewriter Co. v. Chamberlain, 253 U.S. 113, and Bass, Ratcliff Gretton, Ltd., v. State Tax Com., 266 U.S. 271.
On the record as presented, the defendant has failed to make apparent any reversible error.
Affirmed.