**In re NOELL.**

**No. 11915.**

District Court, E. D. Missouri, E. D.

Feb. 27, 1937.

Cullen, Storckman & Coil, of St. Louis, Mo., for Charles P. Noell.

Harry C. Blanton, U. S. Atty., of Sikeston, Mo., for petitioner.

DAVIS, District Judge.

The United States Attorney filed a petition in this court, wherein it is alleged in substance that, on June 30, 1936, the state court suspended respondent from the practice of law in all courts of the State of Missouri for a period of two years, and prays for that reason, that respondent be stricken from the roll of attorneys of this court.

The return of respondent alleges, in substance, that the said order of the state court is void and without effect, in that,

380

(1) the order was entered without a hearing, and (2) the facts found did not warrant the entry of such an order.

The state court, upon the filing of a complaint therein, proceeded to adjudicate the matter presented in the manner provided by statute. R.S.Mo.1929, § 11713 (Mo.St.Ann. § 11713, p. 629), reads: "All trials of charges preferred against attorneys shall be by the court, and in all cases of conviction the court shall pronounce judgment of removal or suspension according to the nature of the facts found: Provided, however, that if the charge be filed in the supreme court, or in one of the courts of appeals, such court shall have authority to appoint a commissioner to hear the evidence and make report thereof to the court. In all cases the court shall have authority to tax or abate the cost of the proceedings as it may deem just."

The court appointed a special commissioner, who qualified and gave notice of the hearings. The parties appeared, respondent in person and by counsel, cross-examined witnesses produced by the complainants, offered witnesses in his own behalf, and argued the cause before the commissioner.

The commissioner, on June 16, 1936, filed his report a transcript of the testimony taken, a finding of facts and conclusions of law. On the day the report was lodged in the state court, an order was entered granting the parties ten days within which to file exceptions. Both parties availed themselves of that opportunity and filed exceptions. Thereafter, on June 30, 1936, without a hearing on the exceptions, and without a formal submission of the case, the court entered its order overruling the exceptions of both parties, and adopting the report, findings, and conclusions of the commissioner.

Respondent filed a motion for a rehearing and presented a written brief in support thereof. The rehearing was in due course denied. Respondent then filed a motion to transfer the cause to the Supreme Court of Missouri, and also made application to the Supreme Court for a writ of certiorari, and tendered a brief in support of the same. Both the motion and the application were denied.

■ A judgment entered in a state court is usually accorded full faith and credit in this and other courts. There is a federal statute that so provides. 28 U.S.C.A. § 687. The Supreme Court in Selling v. Radford, 243 U.S. 46, 37 S.Ct. 377, 379, 61 L.Ed. 585, Ann.Cas.1917D, 569, said that an order of a state court should be recognized as effective, "unless, from an intrinsic consideration of the state record," it appears "that the state procedure, from want of notice or opportunity to be heard, was wanting in due process."

The respondent asserts that he was not given notice, and the opportunity to be heard in the consideration of the commissioner's report and his exceptions thereto in the state court.

The Missouri statute above set out directs that, "All trials of charges preferred against attorneys shall be by the court." The Supreme Court of the state in a proceeding under this statute has characterized the duties of the commissioner in this manner: "Furthermore, this is an original proceeding in which the court alone must determine the weight and credibility of the evidence. Findings of facts and conclusions of law by a special commissioner might lighten this labor but they would not be binding upon the court and could not be claimed as of right." In re Richards, 333 Mo. 907, 63 S.W.2d 672, 677.

■ The sole function of the commissioner was to hear the testimony, in order to conserve time, and to make report thereof to the court. The commissioner was vested with no judicial authority. The proceedings before the court on the report and exceptions constituted the trial of the cause, and the order entered thereon was the judgment in the proceeding. That not only accords with the statute but is the law of both the federal and state courts with reference to the duties of commissioners and masters.

In Tiernan v. Chicago Life Insurance Co., 214 F. 238, 239 (C.C.A.8), the court held: "The trial court should have considered the exceptions to the referee's findings and conclusions and should have confirmed, rejected, or modified the findings or recommitted the questions involved to the referee."

In Rutan v. Johnson & Johnson (C.C.A.) 231 F. 369, the ruling was: "In [an] action referred by stipulation, evidence held to be regarded as if taken before the judge, and on argument of exceptions to report the situation was precisely as if the

evidence was then being offered." See Fed.Dig., Topic, Reference ☞100(6).

In State ex inf. v. Arkansas Lumber Co., 260 Mo. 212, 213, 169 S.W. 145, the Supreme Court of Missouri said: "The Supreme Court is not warranted, either by the Constitution or the statute, to delegate its full judicial power to a commissioner appointed to take testimony in an original proceeding and to make return thereof. He has only the authority conferred by law upon a special commissioner appointed to take depositions. His findings of facts or conclusions of law, though perhaps persuasive, are not binding on the court—not even when the order appointing him specifically directs him to report such findings and conclusions."

Again in State ex rel. v. Riley, 219 Mo. 667, at pages 689, 691, 693, 118 S.W. 647, 654, the same court stated:

"Before final decree the report of the referee must necessarily pass under the judicial review of the chancellor. The amount of the mortgagee's interest in the lands could not be decreed until this report was made to and passed upon by the court. * * *

"In such case there could be no final decree until the report of the referee and the exceptions thereto were passed upon by the court. * * *

"The parties were entitled to be heard upon their exceptions, and when heard they would be submitted to the court for a decision therein."

53 Corpus Juris, § 251, states the rule in this manner: "The court cannot summarily dispose of exceptions by overruling and confirming the report without reviewing and passing upon them judicially. One duly filing exceptions to a referee's report has the right to be heard thereon, and to have the court consider and pass upon his objections and upon such evidence as may properly be introduced in support thereof."

The same principle is announced in the following cases: Tiernan v. Life Ins. Co., supra; Walker v. Walker, 25 Ga. 65; Miller v. Groome, 109 N.C. 148, 13 S.E. 840; Rogers Lumber Co. v. McConnell, 28 Okl. 778, 116 P. 174; Oakes v. Buckman, 87 Vt. 187, 88 A. 736; Sterling v. Norfolk Trust Co., 149 Va. 867, 141 S.E. 856; Justice v. Boone Fork Lumber Co., 181 N.C. 390, 107 S.E. 232. A searching investigation has disclosed that not only are there cases to that effect, but that the decisions are all in accord.

The case of U. S. ex rel. Wedderburn v. Bliss, 12 App.D.C. 485, is not an authority to the contrary. An attorney was disbarred by the Commissioner of Patents and he asserted the right to be heard before the Secretary of the Interior. The determination turns upon the wide discretion vested in the Commissioner of Patents who heard the case. The court said: "A court authorized to decide necessarily is the court authorized to hear, and it may not delegate to any one its duty to hear any more than it can delegate its function to decide."

■ The federal courts usually require that applicants for admission to practice be enrolled in the highest court of their residence. So the local rule provides. But admission to the bar of this court is not open to all members of the bar of Missouri. A special examination is required. When admitted the applicant is entitled to the privilege that goes with the status. It constitutes a valuable right of which he may for cause be deprived, but not in reliance upon an order entered without notice and the opportunity to be heard in the judicial tribunal before which the matter is under consideration. That tribunal is the one that is clothed with authority to decide the controversy and enter the judgment. Ex parte Robinson, 19 Wall. 505, loc. cit. 512, 513, 22 L.Ed. 205; Bradley v. Fisher, 13 Wall. 335, loc. cit. 354, 355, 20 L.Ed. 646; In re Thatcher (C.C. & D.C.) 190 F. 969, affirmed Thatcher v. U. S. (C.C.A.) 212 F. 801; Barnes v. Lyons (C.C.A.) 187 F. 881; Goldsmith v. U. S. Board of Tax Appeals, 270 U. S. 117, 119, 46 S.Ct. 215, 216, 70 L.Ed. 494; Horton v. Clark, 316 Mo. 770, 293 S. W. 362; United States v. Hicks (C.C.A.) 37 F.2d 289. Courts may adopt their own form of procedure in cases of this nature, as long as they observe the fundamental requirement that notice and hearing be accorded before judgment.

■ The order of suspension was entered in the state court without notice, or hearing, or opportunity to the respondent to be heard, and did not constitute due process. Without that, this court cannot properly accept the judgment rendered as the basis for the relief sought in this case.

The petition is dismissed.