### J. K. KENNEY v. BALSAM HOTEL COMPANY.

(Filed 10 June, 1927.)

**1. Mortgages—Description of Property Pledged — Notes — Bonds — Enlargement of Terms.**

Where the intent of a mortgage of hotel property construed in its entirety is only to pledge the lands of the mortgagor corporation as security to the payment of the bond of the mortgagor, a recitation in the bond that it "is one of a series . . . all equally secured by a deed of trust or mortgage of all the assets of said company," cannot alone have the power of extending the terms of the mortgage to embrace the personal property of the mortgagor.

**2. Process—Summons — Publication of Summons — Attachment — Nonresidents.**

Where the real and personal property of a nonresident mortgagor has been attached for the purpose of a valid service of summons issued out of the courts of this State, as to whether the mortgagor may depend as to the real property upon the ground that it was subject to a mortgage lien of another not a party, *quere?* and *held,* the possession here of personal property by the defendant is sufficient for jurisdictional purposes.

**3. Reference—Findings of Fact—Evidence—Appeal and Error.**

Neither the findings of fact of the referee, approved by the trial judge nor his independent action thereon, is reviewable on appeal when supported by legal evidence.

APPEAL by defendant from *Stack, J.,* at February Term, 1927, of JACKSON.

Civil action for an accounting and to recover salary alleged to be due plaintiff by the defendant, a nonresident corporation, for services rendered as clerk in the defendant's hotel at Balsam, N. C. This action was instituted 21 February, 1921, by attaching certain hotel furniture and thereafter obtaining service by publication. As the case involved a long accounting, it was referred under the statute. Exceptions were duly filed to the report of the referee, some of which were sustained, and as thus modified, the report was adopted and approved by the judge of the Superior Court, and judgment entered in favor of plaintiff for the

sum of $2,990.84, with interest. The property attached was ordered to be sold for the satisfaction of plaintiff's judgment. Defendant appeals, assigning errors.

*Hannah & Hannah and Alley & Alley for plaintiff.*
*H. G. Robertson for defendant.*

STACY, C. J. The defendant seeks to present the question as to whether the personal property herein attached is subject to the prior lien of a deed of trust, executed by the defendant 3 April, 1909, to Mrs. W. H. Wiggs to secure an indebtedness of approximately $53,000.

Without deciding whether the defendant, on the present record, is in position to raise this question, we are satisfied from a careful examination of the evidence that the judgment is fully supported by the facts found, and it is clear that the furniture attached herein is not included in the deed of trust executed to Mrs. Wiggs in 1909.

The description of the property in the deed of trust is simply "All those certain tracts or parcels of land situate, lying, and being in Scott's Creek Township in the county of Jackson," with specific calls by metes and bounds, etc., and no enlargement of this description is to be found either in the *habendum* or in the warranty clause, which would extend it to the personal property in question under the doctrine announced in *Triplett v. Williams,* 149 N. C., 394, wherein it was held that unless otherwise controlled by some arbitrary rule of law, a deed is to be construed from its four corners and the intent of the grantor, as thus interpreted, allowed to prevail. *Bagwell v. Hines,* 187 N. C., 690. True, in each of the bonds secured by said deed of trust, there is a recital to the effect that "this bond is one of a series, . . . all equally secured by a deed of trust or mortgage of all the assets of said company." But this, we apprehend, would not enlarge the terms of the deed of trust without proof of a broader intent on the part of the grantor, or some omission by mistake. *S. v. Bank,* 193 N. C., 524; *Bank v. Kaufmann,* 93 N. Y., 273.

Neither the trustee in the deed of trust nor Mrs. Wiggs, or her representative, is a party to this proceeding, and the Balsam Hotel Company, admittedly indebted to both the plaintiff and Mrs. Wiggs, is seeking by this appeal to raise a question apparently of interest alone to the creditors.

It is settled by all the decisions on the subject, with none to the contrary, that the findings of fact, made by a referee and approved by the trial judge, are not subject to review on appeal, if they are supported by any competent evidence. *Dorsey v. Mining Co.,* 177 N. C., 60. Likewise, where the judge, upon hearing and considering exceptions to a referee's report, makes different or additional findings of fact, they

afford no ground for exception on appeal, unless there is no sufficient evidence to support them, or error has been committed in receiving or rejecting testimony upon which they are based, or some other question of law is raised with respect to said findings. *S. v. Jackson*, 183 N. C., 695, and cases there cited.

We have found no error on the record; hence the judgment will be upheld.

Affirmed.