MARION MOORE, ADMINISTRATOR OF MRS. SUSAN BELL, v. W. R. BRINK-
LEY AND WIFE, LILLIE E. BRINKLEY.

(Filed 11 March, 1931.)

1. **Wills B a—Agreement that upon death of obligee the obligor was to
   be released from liability on note is valid.**

   A written agreement made with consideration contemporaneously with
   the execution and delivery of notes secured by a mortgage, that the
   obligor be absolutely released as to the obligee or her estate upon her
   death is valid.

2. **Appeal and Error J c—Findings of fact supported by evidence are
   conclusive on appeal.**

   The referee's findings of fact supported by evidence and approved by
   the trial court are conclusive on appeal to the Supreme Court.

APPEAL by plaintiff from *Lyon, Emergency Judge,* at November
Term, 1930, of LENOIR. Affirmed.

This action to recover on notes executed by the defendants, and pay-
able to plaintiff's intestate, and for the foreclosure of the mortgage secur-
ing the payment of said notes, was heard on the report of the referee.

The findings of fact and conclusions of law made by the referee were
adverse to the contentions of the plaintiff.

Plaintiff's exceptions to certain findings of fact and conclusions of
law made by the referee were not sustained by the trial judge. The
report of the referee was confirmed in all respects.

From judgment in accordance with the report of the referee, plaintiff
appealed to the Supreme Court.

*Rouse & Rouse for plaintiff.*
*Sutton & Greene and Shaw & Jones for defendants.*

PER CURIAM. All the findings of fact made by the referee were sup-
ported by evidence introduced at the hearing before him. There was,
therefore, no error in the refusal of the trial judge to sustain plaintiff's
exceptions to the findings of fact. *Kenney v. Hotel Co.,* 194 N. C., 44,
138 S. E., 349.

Nor was there error in the refusal of the trial judge to sustain plain-
tiff's exceptions to the referee's conclusions of law. Plaintiff's intestate,
contemporaneously with the execution by defendants of the notes and
mortgage involved in this action, for a valuable consideration, con-
tracted and agreed with the defendants that at her death the defendants
should be absolutely released from any and all their indebtedness to her,

or to her estate. This contract is valid and enforceable against the plaintiff. *Fawcett v. Fawcett,* 191 N. C., 679, 132 S. E., 796. By the terms of this contract defendants are now the owners of the notes secured by the mortgage, certainly as against the plaintiff.

We find no error in the judgment. It is

Affirmed.