JOHN D. BIGGS (LATER SUCCEEDED BY JUDSON C. JONES), RECEIVER OF COMMERCIAL NATIONAL BANK OF HIGH POINT, NORTH CAROLINA, v. ROBERT G. LASSITER.

(Filed 23 January, 1942.)

**1. Appeal and Error § 37e—**

The findings of fact by the referee, which are supported by competent evidence and approved and adopted by the Superior Court, are not reviewable in the Supreme Court.

**2. Receivers § 12d—**

The receiver sold the assets of insolvent to a corporation subject to mortgages and other liens against same, and took in part payment of the purchase price stock of the purchasing corporation, and distributed the shares of stock *pro rata* among the creditors of insolvent, all under orders of court. *Held:* The transaction was not a reorganization of insolvent, and acceptance of stock by the payee of a note executed by insolvent does not discharge the note, but entitles the receiver and the endorser on the note only to a credit thereon to the value of the stock at the time of its receipt by the payee.

**3. Pledges § 2b—**

The maker of a note assigned a judgment in its favor to the payee as security. The judgment was sold under order of court and purchased by the payee. The payee thereafter realized upon the judgment an amount in excess of the sale price. *Held:* The note was properly credited with the sale price and not the amount realized by the payee upon the judgment, and, since the bidding at the sale was open to all and the sale was under order of court, the endorser on the note cannot assert C. S., 2593 (d) as a defense to his liability, the statute, by the express language of its proviso, not being applicable.

**4. Reference § 11—**

Where the findings of fact by the referee are supported by competent evidence and sustain the conclusions of law and are sufficient for a complete adjudication of the rights of the parties, it is not error for the trial court to refuse to recommit the case to the referee.

DEVIN, J., took no part in the consideration or decision of this case.

APPEAL by defendant from *Pless, J.,* at June Civil Term, 1941, of GUILFORD. Affirmed.

*Agreed Statement of Case on Appeal:* "This was an action originally instituted by John D. Biggs, Receiver of The Commercial National Bank of High Point, North Carolina, in which Judson C. Jones, who thereafter succeeded said Biggs as Receiver of said bank, was substituted as plaintiff, to recover a judgment against the defendant by reason of his endorsement of the promissory notes of R. G. Lassiter & Company, payable to the order of said bank, described in the complaint in this cause. The contentions of the parties are set out in the pleadings. After numerous continuances the case came on for trial before his Honor, Zeb V. Nettles, Judge presiding at the October, 1940, Civil Term of Superior Court, whereupon, the defendant in open court, waived any plea of the statutes of limitations which might arise upon the facts of this case and moved for a reference. This motion was granted, over objection by the plaintiff, and the Court entered an order referring the case to Hon. Robert Moseley. Thereafter, after several continuances, the case was heard by the Referee and, after briefs had been filed by both parties, the Referee made his report which is set out in full herein.

Following the filing by the defendant of exceptions to the Report of the Referee and a motion to re-commit, the case came on for hearing before his Honor, J. Will Pless, Jr., Judge presiding at the June, 1941, Civil Term of Superior Court, and after a hearing thereon the Court denied the motion to re-commit, overruled the defendant's exceptions to the Report of the Referee, approved and adopted said Report as the findings of fact and conclusions of law of the Court and entered judgment in favor of the plaintiff as set out in the record, from which the defendant appealed."

The referee's findings of fact and conclusions of law are as follows:

"1. On November 30, 1931, Robert G. Lassiter and Company, as principal, and the defendant, Robert G. Lassiter, as endorser, for value received, executed and delivered to the Commercial National Bank of High Point, North Carolina, a promissory note in the sum of $44,509.08, due January 29, 1932, with interest from maturity, at the rate of six per cent per annum.

"2. On December 4, 1931, Robert G. Lassiter and Company, as principal, and the defendant, Robert G. Lassiter, as endorser, for value received, executed and delivered to the Commercial National Bank of High Point, North Carolina, three promissory notes in the sum of $25,000.00 each, two of these notes being due February 2, 1932, and the other being due February 21, 1932, all bearing interest from maturity at the rate of six per cent per annum.

"3. On December 12, 1932, the sum of $151.93 was paid on the note in the sum of $44,509.08 described in paragraph 1 of these Findings of Fact.

"4. On June 19, 1933, Robert G. Lassiter and Company executed and delivered to John D. Biggs, Receiver of the Commercial National Bank of High Point, North Carolina, an assignment of a judgment for the sum of $246,890.00 and costs which had been taken by Robert G. Lassiter and Company against the City of Lake Worth, Florida, on February 6, 1931, this assignment being made to secure the payment of the indebtedness of Robert G. Lassiter and Company to the Commercial National Bank of High Point, North Carolina. As of May 1, 1933, the balance on the judgment, including interest due to that date, was $211,571.68.

"5. On or about September 9, 1933, a bill in equity was filed in the United States District Court for the Middle District of North Carolina in a suit entitled 'John D. Biggs, Receiver of Commercial National Bank of High Point, North Carolina, and Consolidated Indemnity & Insurance Company v. Robert G. Lassiter & Company,' wherein it was alleged that Robert G. Lassiter & Company was indebted to the Commercial National Bank of High Point, North Carolina, exclusive of interest,

in the following amounts: a. $44,357.15 on the note described in paragraph 1 of these Findings of Fact ($44,509.08 less payment of $151.93); b. $75,000.00 on the three notes described in paragraph 2 of the Findings of Fact; making a total of $119,357.15 on the four notes described above. (Another note in the principal sum of $6,207.65, on which the bill alleged a balance of $3,500.00 to be due, is not involved in this action.)

"6. The bill in equity also alleged: 'That as security for the indebtedness above referred to, the defendant, Robert G. Lassiter & Company, heretofore transferred and assigned to the plaintiff, John D. Biggs, Receiver of Commercial National Bank of High Point, North Carolina, a judgment in the face amount of $246,890.00, which had been recovered by Robert G. Lassiter & Company against the City of Lake Worth, Florida, on the 6th day of February, 1931, in the United States District Court for the Southern District of Florida; that said judgment is now totally uncollectible; and that the plaintiffs are informed and believe and, upon such information and belief, allege that the value thereof is not in excess of ten per cent thereof.'

"7. Robert G. Lassiter & Company filed an answer to the Bill of Equity wherein all of the allegations of the bill were admitted.

"8. On September 9, 1933, the Honorable Johnson J. Hayes, Judge of the United States District Court for the Middle District of North Carolina, appointed B. H. Griffin and J. S. Duncan permanent receivers of Robert G. Lassiter & Company. And on September 14, 1933, the Honorable I. M. Meekins, Judge of the United States District Court for the Eastern District of North Carolina, appointed the same persons as ancillary receivers for Robert G. Lassiter & Company.

"9. On November 6, 1933, the Guilford Construction Company wrote a letter to Messrs. J. S. Duncan and B. H. Griffin, Receivers of Robert G. Lassiter & Company, in which it offered to purchase all of the assets of Robert G. Lassiter & Company and to pay therefor: a. $7,500 (represented by a four-month note), and b. $10,000 shares of no par value common stock of Guilford Construction Company (these shares representing all of the capital stock of the Company). The offer provided that the assets so purchased: 'Would be accepted by Guilford Construction Company subject to such mortgages and other liens as may be against the same; but Guilford Construction Company would not assume any such mortgages or liens and would not assume any other indebtedness or obligation of Robert G. Lassiter & Company.' Thereafter the Guilford Construction Company amended its proposal by offering to increase the principal sum of the proposed note from $7,500.00 to $10,000.00.

"10. On December 5, 1933, the Honorable Johnson J. Hayes, United States District Judge for the Middle District of North Carolina, made an order directing the receivers of Robert G. Lassiter & Company to sell

and convey the assets of the company to Guilford Construction Company for the consideration named in that Company's proposal as amended, as set out in paragraph 9 of these Findings of Fact, and this order provided—'That the assets so conveyed to Guilford Construction Company shall be conveyed subject to such mortgages and other liens as may be against the same, Guilford Construction Company not, however, to assume any of such mortgages or liens, or any other indebtedness or obligations of Robert G. Lassiter & Company.' On November 23, 1933, Judge Meekins made a substantially similar order.

"11. Before the conveyance of the assets of Robert G. Lassiter & Company was made to the Guilford Construction Company, the latter company again amended its proposal by offering, instead of the proposed $10,000.00 note, $6,100.00 in cash and a note for $3,900.00, and by providing that the 10,000 shares of no par value stock should be issued to three trustees, to be named by the court, who should, at a specified time, 'Make a ratable distribution of said stock among the creditors holding claims against Robert G. Lassiter Company, as approved by the Master,' with the provision, however, that the trustees should not distribute fractional shares but should sell such shares and distribute the proceeds among those entitled thereto. Thereupon the receivers of Robert G. Lassiter & Company recommended to the court that they be authorized to proceed with the sale of the assets of the company to the Guilford Construction Company.

"12. On April 14, 1934, the Honorable Johnson J. Hayes, United States District Judge for the Middle District of North Carolina, by an order made that day and subsequently amended, authorized the receivers of Robert G. Lassiter and Company to sell and deliver to the Guilford Construction Company, for the consideration offered, all of the property of Robert G. Lassiter & Company. The two orders together provided that this property should be sold—'Subject to such mortgages, liens or other encumbrances as may be against the same, but without requiring the Guilford Construction Company in any manner to assume any mortgages or liens or other indebtedness against Robert G. Lassiter & Company.'—and, with respect to the 10,000 shares of no par value capital stock, that this stock should be issued to temporary trustees who should later deliver it to permanent trustees and that 'The said permanent trustees should hold the said stock for the benefit of the creditors of Robert G. Lassiter & Company, whose claims have now been or will be ascertained and, as soon as practicable to distribute said stock among the creditors of Robert G. Lassiter & Company whose claims have finally been allowed,' subject to the provision for the trustees' holding and subsequently selling fractional shares.

"13. In the ancillary suit Judge Meekins made orders providing for the sale of the assets of Robert G. Lassiter & Company to the Guilford Construction Company upon the same terms and conditions as were set out in the orders of Judge Hayes hereinbefore referred to.

"14. Subsequently all of the assets of Robert G. Lassiter & Company were sold to Guilford Construction Company pursuant to the orders made directing such sale, and the Guilford Construction Company became the owner of such assets subject to any valid claims against the same.

"15. M. B. Simpson was appointed Special Master to report to the court the outstanding liabilities of Robert G. Lassiter & Company, and on July 31, 1934, he made his report in which he found that the company was indebted to the Commercial National Bank of High Point, North Carolina, in the amount of $119,357.15. On or about September 7, 1934, an order was made by the court confirming the report of the Special Master.

"16. Pursuant to the provisions of the order authorizing the sale of the property of Robert G. Lassiter & Company to the Guilford Construction Company, there was issued to John D. Biggs, Receiver of the Commercial National Bank of High Point, North Carolina, 1,193 shares of the capital stock of Guilford Construction Company.

"17. The plaintiff, in his request for findings of fact, asked that the Referee find that the value of the 1,193 shares of stock issued to John D. Biggs, Receiver of the Commercial National Bank of High Point, North Carolina, was $2,982.50.

"18. In an equity suit in the United States District Court for the Middle District of North Carolina entitled, 'John D. Biggs, Receiver of The Commercial National Bank of High Point, North Carolina, *v.* The Guilford Construction Company, Odell Hardware Company and J. C. Harmon, Jr.,' the Honorable Johnson J. Hayes, Judge of the United States District Court for the Middle District of North Carolina, by an order dated July 10, 1939, confirmed the sale of the judgment of Robert G. Lassiter & Company against the City of Lake Worth, Florida, to John D. Biggs, Receiver of the Commercial National Bank of High Point, North Carolina, for the sum of $75,000.00. The plaintiff admits that the notes sued upon should be credited with this sum of $75,000.00.

"19. Judson C. Jones is the present Receiver of the Commercial National Bank of High Point, North Carolina.

"20. The defendant has waived any plea of any statute of limitations which might arise upon the facts in this cause.

"21. Counsel for both the plaintiff and the defendant agreed that the Commercial National Bank of High Point, North Carolina, had received

usurious interests on the notes sued upon in this action but that the only effect of the usurious interest charges should be to strip the notes of interest.

"*Conclusions of Law:*

"1. The stock of the Guilford Construction Company which was issued to and received by John D. Biggs, Receiver of the Commercial National Bank of High Point, North Carolina, was issued to him and received by him only as a dividend upon the bank's claim, to be credited, at the value of the stock, upon the notes of Robert G. Lassiter & Company, endorsed by Robert G. Lassiter, and did not constitute a satisfaction or discharge of these notes so as to release Robert G. Lassiter as endorser.

"2. Counsel for the plaintiff and counsel for the defendant having stipulated that the note for $44,509.08 and the three notes for $25,000 each had been executed by Robert G. Lassiter & Company, as principal, and Robert G. Lassiter, as endorser, and delivered to the Commercial National Bank of High Point, North Carolina, any defense based upon the statute of limitations having been waived, the burden was on the defendant to establish the value of the stock of the Guilford Construction Company issued to John D. Biggs, Receiver of the Commercial National Bank of High Point, North Carolina.

"3. The defendant having introduced no evidence as to the value of this stock, but the plaintiff having admitted such value to the extent of $2,982.50, the defendant is entitled to a credit therefor in the amount of $2,982.50.

"4. The defendant is entitled to a credit with respect to the judgment against the City of Lake Worth, Florida, only in the amount of the sale price of said judgment, namely, $75,000.00.

"5. The defendant, Robert G. Lassiter, is indebted to the plaintiff, Judson C. Jones, Receiver of the Commercial National Bank of High Point, North Carolina, in the sum of $41,374.65, this being the principal sum of the four notes sued on ($119,509.08), less a credit in the amount of $151.93 representing a payment made December 12, 1932, less a credit in the amount of $2,982.50 representing the value of the 1,193 shares of stock of the Guilford Construction Company, and less a credit in the amount of $75,000.00 representing the sale price of the judgment against the City of Lake Worth.

Respectfully submitted,

ROBERT MOSELEY, Referee."

Certain exceptions were filed by defendant to the report of the referee, and a motion was made to recommit. The judgment of the court below is as follows:

"This cause coming on to be heard and being heard by the Honorable J. Will Pless, Jr., Judge Superior Court of Guilford County, upon the

Report of Robert Moseley, Referee, the exceptions that have been filed to said report by the defendant, Robert G. Lassiter, and the motion by the defendant, Robert G. Lassiter, to recommit to the Referee herein the report to make inquiry and findings set forth in said motion to recommit, and being heard,

"It is Thereupon, Considered, Ordered and Adjudged:

"1. That the aforesaid motion of the defendant to recommit to the Referee be, and the same is hereby denied.

"2. That said exceptions be, and the same are hereby overruled, and that the Report of the Referee be, and the same is hereby in all respects confirmed, approved and adopted by the Court as the findings of fact and conclusions of law of this Court, and that the plaintiff, Judson C. Jones, Receiver of the Commercial National Bank of High Point, North Carolina, have and recover of the defendant, Robert G. Lassiter, the sum of $41,374.65.

"3. That the defendant, Robert G. Lassiter, be taxed with the costs of this action, including the sum of $80.20 heretofore paid the Court Reporter by the Referee from the sum of $200.00 heretofore deposited with him by the plaintiff and by the defendant in equal amounts, and that the balance of said deposit in the sum of $119.80 be retained by the Referee and credited by him on the sum of $750.00, which is hereby allowed to him as compensation for his services as Referee, and that the balance of said compensation in the sum of $630.00 be taxed against the defendant in the costs herein; and that the Referee shall not refund to the plaintiff the sum of $100.00 heretofore deposited by him with the Referee.

"And it further appearing to the Court and the Court finding as facts that on July 19, 1938, the summons and complaint herein were duly and personally served on the defendant by the Sheriff of Wake County; that on July 18, 1938, a warrant of attachment was duly issued in this action, together with summons to Southern Aggregates Corporation, garnishee, and notice to it of levy under said warrant of attachment; that said warrant of attachment was duly and personally served on said defendant, Robert G. Lassiter, and that the same, together with said summons to garnishee and said notice of levy were duly served on said Southern Aggregates Corporation by the Sheriff of Wake County on July 19, 1938, levying upon all shares of stock in Southern Aggregates Corporation owned by said defendant, Robert G. Lassiter, or in which he has any interest; that in response to said process and upon examination under oath in this cause the Secretary-Treasurer of Southern Aggregates Corporation disclosed that said defendant, Robert G. Lassiter, was then record owner of 522.46 shares of stock in the Southern Aggregates Corporation subject to an attachment in a suit in the Superior Court of

Rowan County, North Carolina, for approximately $20,000 entitled: 'Harris Granite Quarries Company v. Robert G. Lassiter,' and subject to an assignment of 200 shares thereof to Horace Haworth and Leon S. Brassfield, Trustees, and that in addition thereto said defendant claimed to be the owner of an additional 101.27 shares of said stock deposited by him with B. W. Parham, Trustee; that since said examination of said attachment in the above entitled suit in the Superior Court of Rowan County, North Carolina, has been vacated and the defendant, Robert G. Lassiter, has been adjudged to be the owner of said additional 101.27 shares of stock by a judgment entered in the United States District Court for the Middle District of North Carolina, on October 9, 1939, in a suit entitled 'Security National Bank of Greensboro, North Carolina, et al., v. Southern Aggregates Corporation, and Robert G. Lassiter, et al., Intervening Stockholders,' from which there was no appeal.

"It is, Thereupon, Further Considered, Ordered and Adjudged that by virtue of the aforesaid attachment proceedings the plaintiff has a lien on the aforesaid 522.46 shares of stock in Southern Aggregates Corporation subject to the aforesaid assignment of 200 shares thereof and that the plaintiff has a lien on the aforesaid 101.27 shares of stock in Southern Aggregates Corporation, and that execution issued for the sale of the stock attached and levied upon as aforesaid, or so much thereof as is necessary to satisfy this judgment, and if the same is not sufficient to satisfy this judgment, then that execution issue for the sale of any other property of the defendant in this State to satisfy this judgment. This the 6th day of June, 1941. J. Will Pless, Jr., Judge Presiding."

To the signing of the judgment the defendant excepted and assigned error. Other exceptions and assignments of error were made by defendant. They and the necessary facts will be set forth in the opinion.

*John S. Cansler and R. M. Robinson for plaintiff.*
*David J. Mays and George C. Green for defendant.*

CLARKSON, J. In the present case we think the referee found the facts on the competent evidence and made his conclusions of law based on the facts found. The court below held "That said exceptions be, and the same are hereby overruled, and that the Report of the Referee be, and the same is hereby in all respects confirmed, approved and adopted by the Court as the findings of fact and conclusions of law in this Court."

In *Kenney v. Hotel Co.,* 194 N. C., 44 (45-6), it is written: "It is settled by all the decisions on the subject, with none to the contrary, that the findings of fact, made by a referee and approved by the trial judge, are not subject to review on appeal, if they are supported by any competent evidence. *Dorsey v. Mining Co.,* 177 N. C., 60. Likewise, where

25—220

the judge, upon hearing and considering exceptions to a referee's report, makes different or additional findings of fact, they afford no ground for exception on appeal, unless there is no sufficient evidence to support them, or error has been committed in receiving or rejecting testimony upon which they are based, or some other question of law is raised with respect to said findings. *S. v. Jackson,* 183 N. C., 695, and cases there cited." *Usry v. Suit,* 91 N. C., 406; *Wilkinson v. Coppersmith,* 218 N. C., 173.

On the record, as set forth below, defendant's contentions cannot be sustained. (1) "Defendant's contention is that the distribution of 1,193 shares of the stock of Guilford Construction Company to the Receiver of Commercial National Bank of High Point, North Carolina, was in full payment of the indebtedness of Robert G. Lassiter & Company, and its surety, the appellee herein." This contention is based on the testimony of George R. Poole, an auditor, who was employed by the Receiver of Robert G. Lassiter & Co., in connection with the plan whereby the stock of the Guilford Construction Company was issued to the various creditors. Also on the testimony of Herman Wolff, who was employed by the Receivers of Robt. G. Lassiter & Company and as assistant secretary and treasurer of that company. He summarized as to the distribution of the stock, as follows: *"I would say* the creditors were to take the stock in full settlement of their claims, and let the Guilford Construction Company operate as a going concern, and then they would participate in any profits or any money made by the Guilford Construction Company through its operation." This was practically the testimony of George R. Poole. This testimony was duly objected to when offered. If competent, its credibility and weight was for the Referee to determine. It was more of a conclusion, based on generalities.

The report of the Receivers for Robert G. Lassiter & Company to Judge Johnson J. Hayes, Judge of the District Court of the U. S., for the Middle District of North Carolina, is to the effect that they advised the Court "That if the Company is liquidated at the present time that there would be very little, if anything, left for creditors." This report, the offer of the Guilford Construction Company to purchase the assets of Robert G. Lassiter & Company, and the orders of the Court, directing the sale, all provided for the sale of the assets of Robert G. Lassiter & Company to the Guilford Construction Company *subject to such mortgages and other liens as might be against the same.*

The exact language: "It is further Considered, Ordered and Decreed that the assets so conveyed to Guilford Construction Company shall be conveyed subject to such mortgages and other liens as may be against the same, Guilford Construction Company not, however, to assume any of such mortgages or liens, or any other indebtedness or obligations of Robert G. Lassiter & Company."

This very matter has been heretofore adjudicated in the case of *Guilford Construction Company, et al., v. Biggs, Receiver,* 102 Federal Reporter (2nd), 46 (47). The decision is by *Parker, Circuit Judge,* and is so well stated that we quote, as follows: "The principal contention of appellants is that the receipt of the stock in the Guilford Construction Company by the receiver of the bank extinguished his claim, and that thereupon the judgment which had been assigned as collateral security thereto was freed of the lien of the assignment. We see no basis, however, for this contention. There was no reorganization of Lassiter & Company but merely a transfer of its assets of stock, made in the thought that the creditors would receive more through ownership thereof than through a liquidation of the assets in the receivership. As this was an equity and not a bankruptcy receivership, secured creditors were entitled to participate in dividends derived from the free assets on the basis of the face amount of their claims, and not on the basis of the amount thereof reduced by the value of their securities, subject only to the limitation that they should not collect from all sources more than the amount of their claims. *Rierson v. Hanson,* 211 N. C., 203, 189 S. E., 502; *Merchants Nat. Bank v. Flippin,* 158 N. C., 334, 74 S. E., 100; *Merrill v. National Bank,* 173 U. S., 131, 19 S. Ct., 360, 43 L. Ed., 640. No surrender of securities can be inferred, therefore, from the acceptance of the stock dividend on the basis of the face of the claim. There is no presumption that the stock dividend was accepted in extinguishment of the debt, but the presumption is to the contrary (*Cf. Jefferson Standard Life Ins. Co. v. Lightsey,* 4 Cir. 49 F. 2d 586; 1 Am. Jur., 223, 224), and no evidence whatever that anyone intended that it should be so accepted. On the contrary, there is evidence that the judgment which the receiver of the bank held by assignment as collateral security was supposed to be worth at the time around $25,000; and it is unreasonable that he would have surrendered this security in order to receive stock worth about one-tenth that amount, or that anyone would have suggested that he do so. The assets, as has been noted, were transferred subject to existing liens and mortgages; and there is nothing to indicate an intention that these were to be extinguished upon the contemplated distribution of stock to which their holders would become entitled or that the holders were to be accorded their rights under the distribution only upon surrender of these securities. As to the value of the stock distributed to the receiver and credited upon the claim of the bank, there is nothing in the record which would justify our disturbing the finding of the District Judge with regard thereto."

From the record it appears that the United States District Judge, for the Middle District of North Carolina, the United States Circuit Court of Appeals for the Fourth Circuit, the Referee in the instant case, and

the trial judge in the instant case have all held upon competent evidence that receipt of the stock did not discharge or extinguish the notes herein sued on.

(2) The defendant contends: "That the purchase by the Receiver of Commercial National Bank of High Point, North Carolina, of the collateral of Robt. G. Lassiter & Company held by him amounted to the payment and discharge of the primary obligations for which said collateral was held as security." From the evidence, we cannot so hold.

The defendant, to sustain his contention, cites N. C. Code, 1939 (Michie), section 2593 (d) : "Right of mortgagee to prove in deficiency suits reasonable value of property by way of defense," etc., Also *Va. Trust Co. v. Dunlop,* 214 N. C., 196, and other cases, but they are distinguishable from the case at bar.

In the present action the judgment was sold under an order of court for the sum of $75,000, the court below, we think, properly held that this was the amount that should be credited on the indebtedness herein sued on as respects said collateral. At the time the judgment was sold at public auction, under order of court, the city of Lake Worth, Florida, the judgment debtor, was in bankruptcy in the District Court of the United States for the Southern District of Florida. After the purchase of said judgment the plaintiff filed in said bankruptcy proceeding a claim for the balance due thereon in the sum of $195,876.34 and thereafter bonds were issued to him in payment of said claim. Over objection of plaintiff the defendant proved by the plaintiff that he sold these bonds at different times from May 1, 1940, to July 9, 1940, about a year after his purchase of said judgment, for the sum of $108,450.59, and the defendant contends that he is entitled to credit on the notes in that amount rather than in the sum of $75,000 allowed as a credit by the court. We cannot so hold. Plaintiff later was able to realize more on the purchase, but the bidding was open to all and plaintiff purchased for $75,000.00, under an Order of Court. We cannot deal with the moral aspect, if any, but can consider only the legal rights.

The proviso to section 2593 (d), *supra,* is as follows: "Provided, further, this section shall not apply to foreclosure sales made pursuant to an order or decree of court nor to any judgment sought or rendered in any foreclosure suit nor to any sale heretofore made and confirmed."

In *Loan Corp. v. Trust Co.,* 210 N. C., 29 (32), affirmed by the Supreme Court of the United States, 300 U. S., 124, this Court said: "It does not apply to a sale made under an order, judgment or decree in an action to foreclose a mortgage or deed of trust, or similar instrument."

The Act applies when the land is sold under power of sale, and this provision was held constitutional in the above cited case. The court

below refused to recommit and approved and adopted the findings of fact and conclusions of law of the Referee as the findings of fact and conclusions of law of the court below. In this we can see no error.

For the reasons given, the judgment of the court below is
Affirmed.

DEVIN, J., took no part in the consideration or decision of this case.