HENRY R. HALL, W. G. CLARK, BESSIE M. BURTON, MARY E. WHITE, M. C. WILLIAMS AND ELSIE L. WILLIAMS, PAULINE KANOS AND J. V. KANOS, ELIZABETH H. LAMBERT, ETHEL BROWN HARVEY, HATTIE G. MOORE, J. D. WADDELL, ANNE C. WADDELL, F. R. KEITH, ALMA V. TAYLOR, NOLA W. REEVES, J. S. McFADYEN AND HATTIE S. McFADYEN, ROY T. McDANIEL AND ZOULINE McDANIEL v. THE CITY OF FAYETTEVILLE, J. O. TALLY, JR., GEORGE B. HERNDON, W. P. DeVANE, EUGENE PLUMMER, DEWEY W. EDWARDS, INDIVIDUALLY, AND AS MEMBERS OF THE CITY COUNCIL OF THE CITY OF FAYETTEVILLE.

(Filed 4 June, 1958.)

**1. Boundaries § 12: Municipal Corporations § 25b—**

A deed to property adjacent to a street, executed between private corporations, containing a recital that for the purpose of the description the street is 100 feet wide, is insufficient as a description showing the location of the street, and in reference proceedings to locate the boundaries of the street, the introduction of such deed in evidence does not affect the referee's finding that there was no map, plan or description introduced in evidence showing the location of the street.

**2. Appeal and Error § 41—**

The introduction in evidence of two private acts by plaintiffs which had not been pleaded, but which refer to two other private acts properly pleaded and introduced in evidence by defendants, will not be held for prejudicial error when it appears that the adverse parties were not taken by surprise by the introduction of the unpleaded acts and that the failure to plead them was not material.

**3. Municipal Corporations § 25b—**

In a reference proceeding to establish the boundaries of a municipal street, a finding as to the width of the street, which finding relates to the actual width of the street as then in use, and a finding that the municipality had not occupied or used the *locus in quo* for street purposes, which findings are in accord with the evidence as to the width of the street in actual use at that time, cannot be held for error.

**4. Same—**

The private act in question provided that the principal streets in the municipality should be 100 feet wide, and appointed commissioners to lay out streets. *Held:* The presumption that the public officers performed their duty will not of itself supply proof that a disputed strip of land along one of the principal streets was actually located within the 100 feet boundary of the street as surveyed and laid out by the commissioners.

**5. Public Officers § 7a—**

The presumption that a public officer has performed his duty cannot be used as proof of an independent and material fact.

**6. Adverse Possession § 14—**

The rule that individuals may not acquire title to any part of a munic-

ipal street by encroaching upon or obstructing the same in any way, G.S. 1-45, does not apply when the evidence fails to show that the municipality had any title or rights in the *locus in quo.*

**7. Injunctions § 3—**

Injunction will lie to prevent a municipality from taking possession of plaintiffs' land for the purpose of paving the same as a street, since if the municipality has no right or title thereto, no judgment could restore to plaintiffs the strip of land with its buildings on it in its original character, and therefore plaintiffs would suffer irreparable injury if the threatened seizure of the property were not enjoined.

**8. Reference § 10—**

On appeal from the referee's report, the judge of the superior court has authority to affirm in whole or in part, amend, modify, or set aside the report of the referee, or make additional findings of fact, and enter judgment on the report as amended. G.S. 1-194.

**9. Appeal and Error § 49—**

The findings of fact of the referee, supported by competent evidence and approved by the trial judge, as well as additional findings made by the judge upon the hearing and supported by competent evidence, are binding on appeal.

**10. Same—**

Where the crucial findings of fact made by the referee and approved and confirmed by the judge are supported by competent legal evidence and support the conclusions of law made by the referee and confirmed by the judge, the judgment supported by such findings and conclusions of law will be upheld.

APPEAL by defendants from *McKeithen, S. J.,* 18 February 1957 Term of CUMBERLAND.

Civil action by 20 plaintiffs, who separately own more than 20 lots on the East side of Gillespie Street in the city of Fayetteville, against the city of Fayetteville, its mayor, and the members of its city council, to restrain permanently the defendants from entering upon and putting the State Highway and Public Works Commission in possession of a strip of land along the Eastern edge of what is now used as Gillespie Street, and to have the claim of the city of Fayetteville that it owns this strip of land removed as a cloud upon their respective titles.

The land in dispute is a long, narrow strip of land along the Western edge of the several properties of the several plaintiffs, and along the Eastern edge of the land which has heretofore been used and occupied by the city of Fayetteville as Gillespie Street. The Western line of the strip of land in dispute is the Eastern edge of the present concrete sidewalk, and the Eastern edge of the street paving where no concrete sidewalk exists. The Eastern line of said strip of land in

dispute is a line shown as "Right of Way on East side" on a map entitled "Encroachments on the East side of Gillespie Street, April 29, 1952."

On 13 October 1952 Judge Chester R. Morris signed a temporary injunction against the defendants, and on 21 November 1952 he continued such order in effect until the final hearing of the action. At the December Special Term 1952 of court, Judge W. H. S. Burgwyn ordered a compulsory reference, and appointed Henry A McKinnon, Sr., of the Robeson County Bar, referee. The referee had hearings in the city of Fayetteville on 16 March 1953, on 23 March 1953, and on 30 June 1953. At such hearings the parties were represented by counsel.

The referee filed his report with the court on 21 May 1955.

## HIS FINDINGS OF FACT SUMMARIZED.

One. As stipulated by the parties, plaintiffs are the owners of the lots described in their complaint, subject to any rights of the city of Fayetteville.

Two. Paragraph II of Chapter XXV of the Private Acts of the General Assembly of North Carolina, Session 1783, is as follows. This paragraph is copied verbatim. The substance of this paragraph relevant to this action is that after the passage of this Act the town of Cambleton (sic) shall be called Fayetteville, and James Gillispie (so spelled in the Act) and six other named persons are appointed commissioners to lay out streets in the town, that the principal streets be 100 feet wide, and all other streets as wide as the particular situation of houses and lots will admit. Paragraph V of said Act is as follows. This paragraph is copied verbatim. The substance of this paragraph material here is that the commissioners shall cause to be made an exact survey and a plan in which shall be mentioned all streets, which plan shall be returned to the next session of the Assembly, and a copy thereof lodged in the secretary's office, and a copy lodged with the Clerk of Cumberland County, or with the directors hereinafter mentioned.

Three. Chapter XXXII of the Private Acts of the General Assembly of North Carolina, Session 1784, refers to the Act of 1783, and enacts as follows. It is quoted verbatim. It states in substance that whereas the persons named by the 1783 Act have surveyed and laid off six principal streets and two squares in the town, as fully appears by a plan thereof returned to the last session of the Assembly and lodged in the secretary's office, therefore, be it enacted that the principal streets are confirmed and established agreeable to the said plan.

Four. There is no plat, map or plan in evidence showing the six principal streets and two squares which the 1784 Act states was re-

turned to the last session of the Assembly, and lodged in the secretary's office.

Five. There is not in evidence any map, plan or description showing the location, description or width of Gillespie Street as surveyed and laid out by the legislative acts of 1783 and 1784.

Six. There is not in evidence any map, plan or description showing the location, width or description of Gillespie Street as surveyed, laid off or adopted at any time by the city of Fayetteville, except maps ·made after 1 January 1952.

Seven. The street extending in a Southerly direction from Market Square in the city of Fayetteville is now, and has for a long time been called Gillespie Street. The street extending in a Northerly direction from Market Square is now, and has for a long time been called Green Street. The first street crossing Gillespie Street South of Market Square is Russell Street, though there is an alleyway or narrow street called Franklin Street entering Gillespie Street on its West side between Russell Street and Market Square. South of Russell Street, Gillespie Street is intersected on its East side by Holliday Street, and farther South is intersected on its West side by Blount Street, and on its East side, opposite Blount Street, by Campbell Avenue. Farther South, Pond Street intersects Gillespie Street on its East side.

Eight. The strip of land in dispute is on the East side of what has heretofore been used as Gillespie Street and is South of Holliday Street, crosses Campbell Avenue and Pond Street, and extends some distance South of Pond Street.

Nine. The center line of the first block of Gillespie Street, South of Market Square, and the center line of the first block of Green Street North of Market Square, if said center line of Gillespie Street were extended in a Northerly direction, and the center line of Green Street were extended in a Southerly direction, would not constitute a straight line, but would intersect at an angle North of Market Square in such a manner that if said center line of Green Street were projected Southwardly into Gillespie Street, it would enter Gillespie Street West of the center line of Gillespie Street, and would continue farther Westwardly the farther South it was extended.

Ten. Gillespie Street South of Market Square to Russell Street is 100 feet wide between the property lines, and has been that width for many years.

Eleven. The center line of Gillespie Street, as it is now laid out and paved to a point just North of Blount Street and Campbell Avenue, coincides with the center line of Gillespie Street as now claimed by the defendants.

Twelve. At a point just North of Blount Street and Campbell

Avenue the center line of Gillespie Street, as it is now laid out and paved, veers at a slight angle to the West of the center line of Gillespie Street as now claimed by the defendants — the center line as now claimed by the defendants being an extension in a straight line of the center line of the first block of Gillespie Street South of Market Square.

Thirteen. Until a short time prior to the institution of this action, which is less than two years, the defendants have not occupied, used, or attempted to use for street purposes the disputed strip of land.

Fourteen. The city of Fayetteville has not acquired by prescription or adverse possession the disputed strip of land.

Fifteen. The plaintiffs have not proved title to the disputed strip of land by prescription or adverse possession, and the title of plaintiffs to the lots as described in the complaint is by virtue of the ownership of said lots as stipulated by the parties.

Sixteen. The city of Fayetteville has no rights in or to the disputed strip of land.

Seventeen. On 12 July 1952 the city of Fayetteville gave the following notice to such of the plaintiffs as had erected structures on the disputed strip of land: "The North Carolina State Highway and Public Works Commission being about to pave Gillespie Street to a width of 72 feet, leaving 14 feet on each side for sidewalks and utility lines, the City Council of the City of Fayetteville at its meeting on 2 July 1952, directed notice to be given all owners of property abutting on Gillespie Street whose structures encroach thereon to remove the same from this 72 foot area within thirty days from the receipt of this notice and all other encroachments within six months from the receipt hereof, and that if they are not removed within such respective periods then they will be removed by the City at the expense of the abutting property owners."

Eighteen. The plaintiffs will be irreparably damaged, if the city of Fayetteville executes its statement to remove all structures of plaintiffs on this disputed strip of land, unless the plaintiffs removed them within the periods set forth in the city's notice.

## HIS CONCLUSIONS OF LAW.

One. The city of Fayetteville does not hold title to the disputed strip of land in trust for the use and benefit of the public, and has no rights to it.

Two. Plaintiffs are entitled to an injunction restraining the defendants from putting or attempting to put the State Highway and Public Works Commission in possession of the disputed strip of land, and from removing the structures of plaintiffs thereon.

## DECISION OF REFEREE.

The plaintiffs are entitled to an injunction permanently restraining the defendants from entering upon the disputed strip of land, and from putting or attempting to put the State Highway and Public Works Commission in possession of it, and from interfering with the ownership of it.

The defendants filed 16 exceptions to the referee's report.

The action came on to be heard upon the referee's report at the 18 February 1957 Term of Court before Judge McKeithen. Counsel for the parties in open court waived a jury trial, and agreed that the Judge could render judgment out of term and out of the judicial district. Judge McKeithen rendered his judgment on 23 October 1957.

His judgment states that after hearing counsel on both sides, and after considering all of the defendants' exceptions to the referee's report, and after having studied the evidence, it appeared to the court that the referee's report and findings of fact are correct and based upon competent evidence, and the law applicable thereto, except as modified in the following manner.

One. Defendants' exceptions 1 and 3 are allowed to the extent of showing that Gillespie Street from Market Square to Russell Street is a distance of two blocks, with Franklin Street intersecting Gillespie Street from the West at a point between Russell Street and Market Street.

Two. The referee should have found from the evidence the existence of Chapter CXXX of the Private Acts of the Assembly of North Carolina, Session 1821, and of Chapter LI of the Private Acts of the Assembly of North Carolina, Session 1822, which Acts were introduced in evidence by plaintiffs, and the court modified the referee's findings of fact by finding as a fact both Private Acts. The judgment sets forth verbatim the Preamble and Paragraphs I, II and III of the 1821 Private Act, which is entitled "An Act for the better regulation of the Town of Fayetteville." The Preamble of the 1821 Act states in substance that the report of the commissioners acting under authority of an Act passed by the Assembly in 1783 for laying out the principal streets in the town of Fayetteville has been lost so that the true width and extent of said streets are not correctly ascertained, and difficulties have occurred in the collection of taxes for the town. The relevant parts of Paragraphs I, II and III of said Act appoint five named commissioners to lay out streets in the town of Fayetteville with as little injury to the owners of lots and houses as may be, and that the streets be of such number, length, course and width as the commissioners may think best adapted for the purpose. The Act further provides that the commissioners shall cause an exact survey to be made of the town,

and a plan thereof, setting forth, among other things, the streets, which plan shall be returned to the next session of the Assembly and deposited in the secretary's office, and one copy thereof deposited with the Clerk of the Cumberland County Court, and one copy deposited with the commissioners appointed for the government of the town. The judgment sets forth verbatim the 1822 Private Act, which is an Act amending the 1821 Private Act above set forth. The Preamble to the 1822 Private Act states in substance that the commissioners appointed by the 1821 Private Act have found it impracticable to effect a survey of the town to have it returnable to the present session of the Assembly, and the 'powers vested in the commissioners by the second section of the 1821 Private Act are too extensive and large to be compatible with the liberal and impartial spirit of our form of government. The relevant parts of the 1822 Private Act provide for the appointment of an additional commissioner, and give the commissioners until the next session of the Assembly to make return of the plan of the town as by them surveyed. Judge McKeithen found as a fact that there was no evidence of any report or plan made pursuant to, or under the authority of, the two Private Acts of 1821 and 1822, respectively.

Three. Paragraph 13 of the referee's findings of fact is modified by striking out the words "or attempted to use." Another part of the referee's report is modified by inserting "second block" for "first block."

Four. Defendants' Exception Number 11, sub-paragraphs (b) and (c) as to the failure of the referee to find two facts, is sustained, and the referee's report is modified by the following additional finding of facts made by the court as requested by defendants. One. The West side of Gillespie Street is a straight line throughout its entire length as presently located. Two. There are no structures encroaching on the West side of that street as presently located.

Five. Defendants' Exception Number 12 as to the referee's failure to find a certain fact is sustained, and the referee's report is modified by the court's finding of the requested fact as follows: That until a short time prior to the institution of this action the entire width of Gillespie Street as claimed by the city of Fayetteville was not required for use as a street. All other exceptions of the defendants were overruled.

Judge McKeithen in his judgment approved and confirmed the referee's conclusions of law as correct and based on findings of fact supported by competent evidence.

Whereupon, Judge McKeithen approved and confirmed the referee's report, as modified by him, and permanently restrained the defendants from entering upon the lands of the plaintiffs as described in their complaint, being that property of the respective plaintiffs on Gillespie

Street in the city of Fayetteville, East of the present concrete sidewalk where there is a concrete sidewalk, and East of the present paving where there is no sidewalk.

From the judgment the defendants appeal.

*Pittman & Staton and Sanford, Phillips, McCoy & Weaver for plaintiffs, appellees.*

*J. O. Tally, Jr. and Robert H. Dye for defendants, appellants.*

PARKER, J.   The defendants assign as error the referee's findings of fact numbered five and six, which were approved by the Judge, that there is not in the evidence any map, plan or description showing the location, description or width of Gillespie Street, as surveyed and laid out by the commissioners appointed by the Private Acts of the General Assembly of North Carolina, Sessions 1783 and 1784, and that there is not in the evidence any map, plan or description showing the location, width or description of the same street as surveyed, laid off or adopted at any time by the city of Fayetteville, except maps made after 1 January 1952. The defendants contend that these findings of fact are not correct for the reason that they introduced in evidence a deed from the Cape Fear Manufacturing Company to Electric Motor Repair Company, Inc., dated 6 January 1944, and recorded, conveying a certain lot, which is described as "beginning at a stake in the Eastern margin of Gillespie Street, for the purpose of this description Gillespie Street is 100 feet wide. . . ." A study of the evidence shows that the two above findings of fact are correct, and the language of the above deed between two corporations in no way contradicts the exact language of these findings of fact. This assignment of error is overruled.

The defendants assign as error the plaintiffs' introduction in evidence of the Preamble and Paragraphs I, II and III of Chapter CXXX of the Private Acts of the General Assembly, Session 1821, and Chapter LI of the Private Acts of the General Assembly, Session 1822, for the reason that these two Private Acts were not pleaded. G.S. 1-157. The defendants pleaded, and introduced in evidence Chapter XXV of the Private Acts of the General Assembly, Session 1783, and Chapter XXXII of the Private Acts of the General Assembly, Session 1784. Both of the Private Acts introduced by plaintiffs have reference, one directly and the other indirectly, to the 1783 and 1784 Acts introduced by defendants. The defendants make no issue as to the existence or terms of the two Private Acts introduced by plaintiffs, and there is nothing in the record to show that defendants were taken by surprise by these two Acts. Even if we concede that the two Acts introduced by plaintiffs are Private Acts (*Winborne v. Mackey,* 206 N.C. 554,

174 S.E. 577; *Bolick v. Charlotte*, 191 N.C. 677, 132 S.E. 660; but see 41 Am. Jur., Pleading, p. 296), and their admission in evidence technical error, we think that upon a consideration of the whole record in the instant case, such admission would not justify a new trial. See *Reid v. R. R.*, 162 N.C. 355, 78 S.E. 306. This assignment of error is overruled.

The referee found as a fact that Gillespie Street, South of Market Square to Russell Street, is 100 feet in width between the property lines, and has been that width for many years. This finding of fact was approved by the Judge. Defendants assign as error that the court did not find that Gillespie Street is 100 feet in width for its entire length. The finding of fact patently refers to the actual width of Gillespie Street as it appears today, and has appeared for many years, and the notice given on 12 July 1952 by the city of Fayetteville to certain of the plaintiffs to remove structures upon the alleged strip of land, shows that Gillespie Street as it appears today is not 100 feet in width for its entire length. This assignment of error is overruled.

The referee found as a fact that "until a short time prior to the institution of this action, less than two years, the defendants have not occupied, used, or attempted to use for street purposes the disputed strip of land." Defendants excepted to this finding. The Judge modified this finding of fact by striking out the words "or attempted to use," and approved the finding of fact as modified by him. This assignment of error is overruled, for the reason that this finding of fact approved by the Judge, as modified by him, is supported by competent evidence.

The defendants assign as errors the following two findings of fact of the referee, which were approved by the Judge: One. "The city of Fayetteville has not acquired by prescription or adverse possession the disputed strip of land." Two. "The city of Fayetteville has no rights in or to the disputed strip of land." The defendants also assign as error the referee's conclusion of law, approved by the Judge, that "the city of Fayetteville does not hold title to the disputed strip of land in trust for the use and benefit of the public, and has no rights to the disputed strip of land." These assignments of error are overruled.

The defendants contend, under the above assignments of error, that Chapter XXV of the Private Acts of the General Assembly, Session 1783, appointed James Gillespie and six other named persons to lay out streets in the town of Fayetteville, and that the principal streets shall be 100 feet wide. That Chapter XXXII of the Private Acts of the General Assembly, Session 1784, states that the commissioners named in the 1783 Act have surveyed and laid off six principal streets as fully appears by a plan thereof, and provides that the principal streets are confirmed and established agreeable to the plan. The de-

fendants contend that there is a presumption of law that the com-
missioners appointed by the 1783 Act laid off Gillespie Street to a
width of 100 feet, and they cite in support of their contention *Quinn v.
Lattimore,* 120 N.C. 426, 26 S.E. 638; *Frazier v. Gibson,* 140 N.C.
272, 52 S.E. 1035; *Kirby v. Board of Education,* 230 N.C. 619, 55 S.E.
2d 322; and *In re Housing Authority,* 233 N.C. 649, 65 S.E. 2d 761.

Indulging the presumption that the commissioners appointed by the
1783 Act discharged their duty by surveying and laying out Gillespie
Street with a width of 100 feet, such presumption will not, of itself,
supply proof of the material and substantive fact that the disputed
strip of land in the instant case was actually located within the 100
feet in width of Gillespie Street as surveyed and laid out by the com-
missioners. *Belk v. Belk,* 175 N.C. 69, 77, 94 S.E. 726, 730; *U. S. v. Ross,*
92 U.S. 281, 23 L. Ed. 707; *Sabariego v. Maverick,* 124 U.S. 261, 31
L. Ed. 430; *U. S. v. Carr,* 132 U.S. 644, 33 L. Ed. 483; 20 Am. Jur.,
Evidence, Sec. 175. See *S. v. Mann,* 219 N.C. 212, 13 S.E. 2d 247.

In *U. S. v. Ross, supra,* the Court said: "Because property was cap-
tured by a military officer and sent forward by him, and because
there is an unclaimed fund in the Treasury derived from sales of
property of the same kind as that captured, because *omnia praesumun-
tur rite esse acta,* and officers are presumed to have done their duty, it
is not the law that a court can conclude that the property was deliver-
ed by the miltary officer to a treasury agent, that it was sold by him,
and that the proceeds were covered into the Treasury. The presump-
tion that public officers have done their duty, like the presumption of
innocence, is undoubtedly a legal presumption; but it does not supply
proof of a substantive fact. . . . Nowhere is the presumption held to
be a substitute for proof of an independent and material fact."

Under these assignments of error the defendants contend that Gil-
lespie Street is a public street, and no person can acquire title to any
part of it by occupancy thereof, or by encroaching upon or obstructing
the same in any way. G.S. 1-45. However, the findings of fact of the
referee, supported by competent evidence, and his conclusion of law—
all of which are approved and confirmed by the Judge—are that the
city of Fayetteville does not hold title to the disputed strip of land in
trust for the use and benefit of the public, and has no rights to it.
Therefore, this strip of land is not a public street.

Defendants assign as errors the finding of fact that plaintiffs will be
irreparably damaged if the city of Fayetteville carries out its promise
or threats, and the conclusion of law that plaintiffs are entitled to
injunctive relief. This finding of fact and this conclusion of law were
approved and confirmed by the Judge. The threatened removal of
plaintiffs' structures and buildings from the disputed strip of land by

the defendants, who have no title to, or right in it, so that this disputed strip of land can be paved as a part of Gillespie Street, will mean, if not enjoined, that no judgment at law can restore to plaintiffs this strip of land with the buildings on it in its original character. The finding of fact, approved by the Judge, is supported by competent evidence. Such an injury will be deemed irreparable, so as to warrant injunctive relief. *Clinton v. Ross,* 226 N.C. 682, 40 S.E. 2d 593; 28 Am. Jur., Injunctions, Secs. 48 and 150.

When the action came on to be heard on exceptions filed by the defendants to the referee's report, Judge McKeithen had authority to affirm in whole or in part, amend, modify, or set aside the report of the referee, or he could make additional findings of fact and enter judgment on the report as amended by him. G.S. 1-194; *Quevedo v. Deans,* 234 N.C. 618, 68 S.E. 2d 275; *Keith v. Silvia,* 233 N.C. 328, 64 S.E. 2d 178. It is manifest from a study of the judgment of the learned Judge, who is now deceased, that he carefully considered and passed upon all the exceptions filed by the defendants to the referee's report, and the evidence, and gave in his judgment his own opinion upon the facts and the law.

In *Kenney v. Hotel Co.,* 194 N.C. 44, 138 S.E. 349, Stacy, C. J., said for the Court: "It is settled by all the decisions on the subject, with none to the contrary, that the findings of fact, made by a referee and approved by the trial judge, are not subject to review on appeal, if they are supported by any competent evidence. *Dorsey v. Mining Co.,* 177 N.C., 60. Likewise, where the judge, upon hearing and considering exceptions to a referee's report, makes different or additional findings of fact, they afford no ground for exception on appeal, unless there is no sufficient evidence to support them, or error has been committed in receiving or rejecting testimony upon which they are based, or some other question of law is raised with respect to said findings." To the same effect see *Wade v. Lutterloh,* 196 N.C. 116, 144 S.E. 694; *Crown Co. v. Jones,* 196 N.C. 208, 145 S.E. 5; *Moore v. Brinkley,* 200 N.C. 457, 157 S.E. 129; *Thompson v. Hood, Comr. of Banks,* 203 N.C. 851, 166 S.E. 311; *Wilson v. Allsbrook,* 205 N.C. 597, 172 S.E. 217; *Maxwell, Comr. of Revenue, v. R. R.,* 208 N.C. 397, 181 S.E. 248; *Buncombe County v. Cain,* 210 N.C. 766, 188 S.E. 399; *Wilkinson v. Coppersmith,* 218 N.C. 173, 10 S.E. 2d 670; *Biggs v. Lassiter,* 220 N.C. 761, 18 S.E. 2d 419; *Troitino v. Goodman,* 225 N.C. 406, 35 S.E. 2d 277.

The crucial findings of fact made by the referee, and approved and confirmed by the Judge, are supported by competent legal evidence, and these findings of fact support the conclusions of law made by the referee and confirmed by the Judge, and these findings of fact and

conclusions of law support the judgment rendered by the Judge. Hence, the judgment will be upheld.

The city of Fayetteville and the State Highway and Public Works Commission are both clothed with the power of eminent domain. This decision is not to be considered to prevent in any way either from seeking to condemn this strip of land under such power, if considered necessary in the public interest.

Affirmed.